MILLS, Judge.
The Davids appeal a judgment declaring that Sun Federal properly accelerated a note, that the Davids were not personally liable for the note but that their newly purchased home was subject to a mortgage securing the note, and that foreclosure was appropriate. We affirm.
The Davids arranged to purchase a house with an assumable mortgage from the Browns. Title Searchers, Inc. was to serve as closing agent, handling the funds placed in escrow. The closing occurred on 3 November 1980. Brown had not made his October payment, but it was to be paid from escrow funds and charged to Brown. David was responsible for the November payment which was to be paid similarly. After the closing, Title Searchers misfiled the closing documents and never made the payments. On 6 November, Sun Federal demanded the past due .payments from Brown, who still resided in the house. The demand letter was discarded unopened. Likewise, the letter notifying Brown of acceleration of his obligation was discarded. The error was discovered when David attempted to make his December payment. Sun Federal did not know of the assumption of the obligation by the Davids, although the deed noting the assumption was recorded in November and Sun Federal had provided Title Searchers with the information necessary for an assumption.
This Court is faced with a dispute between two parties, neither of which is at fault. Given no fault by either party, equity will not interfere with the enforcement of Sun Federal’s contractual rights. An exhaustive catalogue of situations where equity prevents acceleration of an obligation and foreclosure to enforce it was provided in Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970). None of these is present in this case. A creditor does not have an obligation to continuously search the public record for transactions or to follow up every inquiry concerning mortgaged property.
AFFIRMED.
PEARSON, TILLMAN (Ret.), Associate Judge, concurs.
ERVIN, J., dissents with opinion.