461 So.2d 93 (1984)
Robert DAVID, et Ux., Petitioners,
v.
SUN FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent.
No. 63757.
Supreme Court of Florida.
December 20, 1984.
*94 James M. Donohue of Henry, Buchanan, Mick & English, and Cynthia S. Tunnicliff and George N. Meros, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tallahassee, for petitioners.
John C. Lovett, Anne Longman and H. Michael Madsen of Messer, Rhodes & Vickers, Tallahassee, for respondent.
ADKINS, Justice.
This is a petition to review a decision of the First District Court of Appeal reported as David v. Sun Federal Savings and Loan Association, 429 So.2d 1277 (Fla. 1st DCA 1983), which directly and expressly conflicts with prior decisions of this Court and of the district courts of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case involves the purchase of a home by the Davids [hereinafter petitioners] from the Browns. The purchased home had an assumable mortgage in favor of Sun Federal Savings and Loan Association [hereinafter respondent]. Title Searchers, Inc., was to serve as closing agent, handling the funds placed in escrow. After *95 the closing on November 3, 1980, Title Searchers, Inc., misfiled the closing documents, did not make the October or November mortgage payments to respondent, and did not notify respondent of the assumption, although the deed noting the assumption was recorded on November 4, 1980. On November 6, 1980, respondent sent a written notice to Brown stating that the loan was in default and requesting a prompt and immediate payment thereof. Upon receipt, Brown discarded the letter. Likewise, the letter of November 28, 1980, from respondent notifying Brown of the acceleration of his obligation was discarded. On December 1, 1980, petitioner attempted to make his December mortgage payment. The payment was refused by respondent. Petitioner was later notified that the loan was in default and had been accelerated.
The trial court held that the debt secured by the mortgage was properly accelerated, and judgment was entered in favor of respondent. The court found that respondent had not committed any act nor made any representation which was intended to mislead, deceive or misinform any party with respect to their rights under the note and mortgage. The court also found that respondent had acted properly and had not breached any obligation or duty to any party.
Petitioners then appealed to the First District Court of Appeal. In its brief opinion, that court affirmed the trial court decision and held "[g]iven no fault by either party, equity will not interfere with the enforcement of Sun Federal's contractual rights." 429 So.2d at 1277.
Petitioners argue that the district court erred as a matter of law in requiring evidence of fault as a prerequisite for the imposition of equity as a defense to foreclosure. We disagree under the facts of the given case and affirm the district court's decision.
In support of their argument, petitioners raise several points for review. First, petitioners argue that the foreclosure should be denied because an acceleration of the due date would be an inequitable or unjust result and the circumstances would render the acceleration unconscionable.
It is well established in this state that an acceleration clause or promise in a mortgage confers a contract right upon the note or mortgage holder which he may elect to enforce upon default. Campbell v. Werner, 232 So.2d 252, 255 (Fla. 3d DCA 1970). Safeguarding the validity of such contracts, and assuring the right of enforcement thereof, is an obligation of the courts which has constitutional dimensions. Id. at 256. See also art. I, § 10, U.S. Const.; Declaration of Rights, art. I, § 10, Fla. Const.
In Campbell v. Werner, the Third District Court of Appeal found:
A contract for acceleration of a mortgage indebtedness should not be abrogated or impaired, or the remedy applicable thereto denied, except upon defensive pleading and proof of facts or circumstances which are regarded in law as sufficient grounds to prompt or support such action by the court.
232 So.2d at 256.
Only under certain clearly defined circumstances may a court of equity refuse to foreclose a mortgage. Mere notions or concepts of natural justice of a trial judge which are not in accord with established equitable rules and maxims may not be applied in rendering a judgment.
Although providing equitable relief in a proper case is discretionary with the trial judge, were that discretion not guided by fixed principles, the degree of uncertainty injected into contractual relations would be intolerable. Equity cannot therefore look solely to the result in determining whether to grant relief, but must apply rules which confer some degree of predictability on the decision-making process.
Equitable principles established by years of judicial decisions represent specific circumstances which courts regard as adequate to bar acceleration and foreclosure. The Campbell court set out a number of *96 situations which courts have traditionally recognized as permitting relief from foreclosure:
Foreclosure on an accelerated basis may be denied when the right to accelerate has been waived or the mortgagee estopped to assert it, because of conduct of the mortgagee from which the mortgagor (or owner holding subject to a mortgage) reasonably could assume that the mortgagee, for or upon a certain default, would not elect to declare the full mortgage indebtedness to be due and payable or foreclose therefore; or where the mortgagee failed to perform some duty upon which the exercise of his right to accelerate was conditioned; or where the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee's election to accelerate has been given (by actual notice or by filing suit to foreclose for the full amount of the mortgage indebtedness); or where there was intent to make timely payment, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period.
Id. at 256, 257.
The instant case is not within any of the established principles of equity under which the trial judge's discretion should be invoked. Thus, we find that the trial court did not err in refusing to preclude foreclosure under these specific circumstances.
Petitioner next argues that the foreclosure should be denied even though there was a default because the security for the mortgage was never placed in jeopardy. Under certain clearly defined circumstances it is true that a foreclosure may be denied when the security for the mortgage is not jeopardized. However, we find that the rule of law is not applicable to the facts of the case at bar.
The actual rule stems from this Court's decisions in cases such as St. Martin v. McGee, 82 So.2d 736 (Fla. 1955), and Delgado v. Strong, 360 So.2d 73 (Fla. 1978), dealing with breaches of mortgage clauses other than those requiring payment of principal and interest. Those cases concern technical breaches of covenants intended to preserve the mortgaged property as security for the debt. Were such a rule applicable to the facts of the given case as petitioners claim it to be, no mortgage could be foreclosed so long as the value of the mortgaged property exceeded the balance also on the note, regardless of the mortgagor's failure to pay.
Failure to make timely payment is not a mere technical breach of covenant intended to preserve the security; it goes to the heart of the agreement between a mortgagor and mortgagee. See Guynn v. Brentmoore Farms, Inc., 253 So.2d 136 (Fla. 1st DCA 1971). In the instant case, when petitioner's title agent failed to make two monthly payments, a material default occurred under the mortgage. Respondent then had a right to accelerate, which it exercised only after giving notice and opportunity to cure default to mortgagors. Thus, we find that no abuse of the trial court's discretion has been demonstrated.
Finally, petitioners argue that notice of intent to accelerate was not made in an effective manner to petitioners before the overdue payment was tendered. The law does not require a mortgagee to notify a mortgagor of his intent to exercise his option to accelerate prior to instituting a foreclosure suit, but requires only that the option be exercised prior to tender of amounts due from the mortgagor. River Holding v. Nickel, 62 So.2d 702 (Fla. 1952).
In the instant case, the trial court found that the attempted assumption of the mortgage by petitioners never occurred. We agree and therefore find that notice of intent to accelerate did not have to be given to petitioners. Furthermore, the trial court found that respondent did provide notice of intent to accelerate in an effective manner to Brown, the mortgagor, before any overdue payments were properly tendered. We *97 agree. River Holding does not, therefore, compel us to reverse the trial court's judgment.
Since there exist no equitable grounds which would lead us to reverse the lower court's order granting the mortgagee's contractual right to acceleration and a judgment of foreclosure in his favor, we affirm the final judgment entered by the lower court.
It is so ordered.
ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion, in which BOYD, C.J., concurs.
OVERTON, Justice, dissenting.
I dissent.
I would find that under the peculiar facts of this case there are justifiable equitable grounds to deny the acceleration of the note and the resulting foreclosure. The security was clearly not in jeopardy; the petitioners, who are the purchaser-owners of the property were not at fault; the respondent, Sun Federal Savings and Loan, knew the property was being sold and who was closing the transaction; the period of default was short; and it is uncontroverted that an inadvertent mistake on the part of the closing agent, rather than an intentional act by the petitioners or any other person, caused the default. Further, and not mentioned in the majority's statement of facts, is Sun Federal's offer, after the acceleration, to refinance the loan at a higher interest rate, which indicates that Sun Federal had no concern whatever with the purchasers' credit.
Equity is founded on the principle of conscience and what is fair and just in dealing with the affairs of men and women. Courts were given equity powers to deal with exactly the type of situation presented by this cause. The majority's decision to permit acceleration is neither fair nor just, nor can it ever be said that it is equitable.
BOYD, C.J., concurs.