PER CURIAM.
This is an appeal from the denial of mortgage foreclosure.
*696 The mortgagor had made timely payments on the mortgage for about two years. She mailed a check on April 14, 1981, to cover the payment which was due the following day. On April 27, 1981, she first learned that she had insufficient funds to cover the check. A bank employee told her that the check would be honored if she would make a $200 deposit that day. She deposited the $200 as advised but due to a failure of communications between two departments in the bank, the check was returned to the mortgagees for insufficient funds. The mortgagees made no effort to contact the mortgagor about the check but sought criminal prosecution and accelerated the balance due on the note and mortgage three days after the expiration of the thirty day grace period. The mortgagees knew before instituting the foreclosure action what had caused the check to be returned for insufficient funds. All subsequent monthly payments were placed by the mortgagor in an interest-bearing escrow account when the mortgagees refused to accept them. The mortgagor had a $30,-000 equity in the property. The trial court, at the conclusion of the final hearing on foreclosure, found that: “The Court is of the opinion that if there ever was one that would be unconscionable, certainly this would be one of them and inequitable and unjust.” We hold that the court acted within its discretion in declining to foreclose the mortgage. See La Boutique of Beauty Academy, Inc. v. Meloy, 436 So.2d 396 (Fla. 2d DCA 1983).
We find this case distinguishable from David v. Sun Federal Savings & Loan Association, 461 So.2d 93 (Fla. Dec. 20, 1984). In David, the supreme court affirmed a mortgage foreclosure despite the existence of certain equities favoring the mortgagor since there was no evidence of fault on the part of the mortgagee. Admittedly, the mortgagees in the instant case also did nothing to contribute to the failure to make timely payment. However, a salient fact that distinguishes David is that the mortgagee there had exercised its right to accelerate only after giving notice and opportunity to the mortgagor to cure the default. Moreover, the supreme court was affirming the trial court’s decision to order foreclosure and limited its ruling to “the facts of the given case.” Here, the trial judge refused to order foreclosure, and we cannot say that he abused his discretion in doing so.
On the other hand, we believe that the court erred in ruling that the mortgagees were not entitled to attorney’s fees. The mortgage contained a covenant which provided for attorney’s fees “reasonably incurred ... because of the failure of the mortgagor to ... comply with the agreements, stipulations, conditions and covenants of said note and mortgage or ei-ther_” The note provided for attorney’s fees when it became “necessary to collect this note through an attorney.” When the payment was not made within the grace period, the mortgage was in default. The mortgagees did nothing to mislead the mortgagor into allowing the default to occur. As we explained under similar circumstances in Maw v. Abinales, 463 So.2d 1245 (Fla. 2d DCA 1985), once the default occurred the mortgagees were contractually entitled to attorney’s fees for prosecuting their action even though they were unsuccessful in obtaining foreclosure. The mortgagees’ motivation in filing the suit was irrelevant.
We affirm the denial of foreclosure. We reverse the denial of attorney’s fees and remand for an award of fees measured by the standard announced in Schechtman v. Grobbel, 226 So.2d 1 (Fla. 2d DCA 1969).
GRIMES, A.C.J., and OTT, J., concur.
CAMPBELL, J., concurs in part and dissents in part with opinion.