OVERTON, Justice,
dissenting.
I dissent. Although the equities in favor of the homeowners are .not as strong as those in David v. Sun Federal Savings and Loan Association, 461 So.2d 93 (Fla. 1984), it is clear that the security in this case was not in jeopardy, the period of default was short, there was no intentional act or omission by the property owners to cause the default, and there was no credit problem. The default in this instance was directly caused by the criminal act of another. As reflected in the facts set forth in the district court opinion, the property owners were separated and owned the home jointly. The wife lived in the home and the husband, who had been ordered by the court to make the mortgage payments, relied on his bookkeeper to make those payments. He signed checks prepared by the bookkeeper for the purpose of making the mortgage payments. The bookkeeper, however, never sent the checks to Community Federal. The bookkeeper embezzled the money and neither the wife nor the husband received letters or notices sent by Community Federal because the same bookkeeper went through the mail and concealed those items. After Community Federal failed to receive three monthly payments, it accelerated the mortgage and sued to foreclose. The husband discovered the embezzlement by the bookkeeper after the three payments had not been made. Although he communicated the problem to the bank and stated that he would bring the obligation current in a short period of time, he did so by means of a form letter to all creditors rather than directly approaching the bank with regard to the default.
I still conclude, however, as I did in David and as the three district court of appeal judges did in this cause, that under the peculiar facts of this case there are justifiable equitable grounds for the trial judge to deny the acceleration of the note and resulting foreclosure. Clearly, the security was not in jeopardy, nor was the property owners’ credit an issue in this proceeding.
BOYD, C.J., concurs.