SHARP, Judge,
dissenting.
I dissent because I think this case is indistinguishable from, and therefore necessarily controlled by, David v. Sun Federal Savings & Loan Association, 461 So.2d 93 (Fla.1984) and Community Federal Savings & Loan Association v. Orman, 473 So.2d 205 (Fla.1985).
In this case, the mortgagees, Thomas and Lucile Waters, are appealing from a final judgment denying acceleration of a note and foreclosure of a mortgage. The trial court denied acceleration and foreclosure because the major and most current default, payment of an installment of principal and interest with a bad check, “was more the result of the Defendant’s pour [sic] banking practices other than his knowingly issuing an insufficient funds check for the May payment.” Therefore, the court found “that there is not a default sufficient enough to allow the plaintiff to accelerate the note and mortgage.”
With regard to this default[1] the record shows that on May 22, 1984, Futch (the mortgagor) went to his bank. He determined from the teller how much money he needed to transfer from his general account to his special account to insure that the mortgage payment check would clear. He then deposited $300.00 into the special account. He wrote a check on the special account for the amount of the mortgage payment and it was delivered to the mortgagee.
One day later, the bank vice president directed money to be transferred from Futch’s special account into his general account to cover an overdraft in that account. A few days earlier Futch had discussed *1003 with the vice president the bank’s covering possible overdrafts in his general account. The vice president ordered the transfer because he believed Futch had intended to deposit the money in his general account to cover the overdraft, but mistakenly made the deposit into the special account. Consequently, the mortgage check bounced.
Shortly thereafter, the bank sent Futch two statements regarding his accounts. They would have disclosed the mix-up, but Futch did not open them until after mid-June, when he went to the bank to pay the June mortgage payment. At that time, Futch discovered the Waters had removed the mortgage from the bank’s collection department. By letter dated July 20, 1984, the Waters notified Futch of their intent to accelerate the mortgage balance. The Waters refused Futch’s August 20, 1984 tender of a check to bring the mortgage current and filed the instant foreclosure action.
In David v. Sun Federal Savings and Loan Association, 461 So.2d 93 (Fla.1984), the court affirmed a mortgage acceleration and foreclosure even though the mortgagors did not cause the default, and the closing agent’s inadvertent mistake was solely responsible. The court emphasized that failure to make timely payment is not a technical breach but goes to the heart of the agreement between a mortgagor and mortgagee and that only certain clearly defined circumstances justify a court’s refusal to accelerate and foreclose a mortgage. It cited to Campbell v. Werner, 232 So.2d 252 (Fla. 3rd DCA 1970), which listed a number of situations in which courts have traditionally recognized acceleration should be refused:
[Foreclosure on an accelerated basis may be denied when the right to accelerate has been waived or the mortgagee estopped to assert it, because of conduct of the mortgagee from which the mortgagor (or owner holding subject to a mortgage) reasonably could assume that the mortgagee, for or upon a certain default, would not elect to declare the full mortgage indebtedness to be due and payable or foreclosed therefor; or where the mortgagee failed to perform some duty upon which the exercise of his right to accelerate was conditioned; or where the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee’s election to accelerate has been given (by actual notice or by filing suit to foreclose for the full amount of the mortgage indebtedness); or where there was intent to make timely payment, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period.
232 So.2d at 256-257. The court found that none of the Campbell special equitable situations existed in that ease. This was so notwithstanding that the mortgagor was blameless and the period of default was short.
The Florida Supreme Court again took a hard line in denying relief from foreclosure in Community Federal Savings and Loan Association of the Palm Beaches v. Orman, 473 So.2d 205 (Fla.1985). In this case the court reversed the trial court’s denial of acceleration. There, a former wife was living in the mortgaged home and under a court order, her former husband was to make the mortgage payments. His bookkeeper prepared the checks, he signed them and she was to send the checks to the bank. However, the bookkeeper never made the payments. She embezzled the money and concealed from the husband the bank’s letters and notices concerning default. After not receiving three monthly payments, the bank accelerated the note and filed suit for foreclosure, even though the husband notified it of the reason for his default and he sought to bring the obligation current. In Orman, the equities in favor of the mortgagors were far more compelling then any which might exist in the instant case, yet the supreme court determined that acceleration of the mort *1004 gage note and resulting foreclosure must be allowed.
The Second District, affirming a denial of foreclosure in Savarese v. Schoner, 464 So.2d 695 (Fla. 2d DCA 1985), attempted to restrict the effect of David v. Sun Federal Savings and Loan Association. In Sa-varese, the mortgagor mailed a check to cover a payment due the following day. Almost two weeks later, she first learned that she had insufficient funds to cover the check. A bank employee told her that her check would be honored if she made a $200.00 deposit that day. She did this but because of a failure of communication within the bank the check was returned to the mortgagees for insufficient funds. The trial court declined to foreclose the mortgage and the Second District affirmed. The court admitted that as in David, the mortgagees did nothing to contribute to the mortgagor’s failure to make timely payment. However, the court distinguished David on two bases: that the mortgagee exercised its right to accelerate only after giving notice and opportunity to the mortgagor to cure the default; and that the supreme court was affirming a trial court’s decision to allow acceleration and foreclosure.
While it is true the mortgagee in David exercised its right to accelerate only after giving notice and the opportunity to the mortgagor to cure the default, the court in Orman apparently did not find the notice of default significant because it determined foreclosure was proper notwithstanding that the husband himself never received the bank’s letters or notices. Further, the court in David stressed that after a default occurs, there is no requirement that the mortgagee give the mortgagor notice of intent to accelerate and an opportunity to cure. Neither the note nor the mortgage in this case requires such notice.
Finally, I disagree that the fact that the supreme court in David was affirming the trial court’s decision to order foreclosure rather than reversing an order to accelerate, is a meaningful distinction. The rule of law should be the same for both. This is illustrated in Orman, where the supreme court, by quashing the Fourth District’s decision, reversed the trial court’s denial of foreclosure on the authority of David. In defense of the Second District’s attempt to distinguish David, I note Orman was decided three months after the Savarese opinion.
Since in this case there was no basis in the record to apply any of the equitable situations set forth in Campbell, and there was no misconduct or fault on the part of the mortgagees which contributed to the default in payment, I would reverse on the authority of David and Orman. “Mere notions or concepts of natural justice of a trial judge which are not in accord with established equitable rules and maxims may not be applied in rendering a judgment.” David, 461 So.2d at 95. That is clearly what has occurred in this case.

. There had been three prior defaults under the mortgage, all of which were resolved by the mortgagee extracting two increasingly stringent mortgage modifications from the mortgagor.