UPCHURCH, Chief Judge.
Appellant, Old Republic Insurance Co., appeals an order granting a motion to reinstate a mortgage.
The promissory note that the second mortgage at issue secured provided for monthly payments of $387.85 each. On April 29, 1986, Old Republic declared the note in default because appellees, the Lees, had not made the payments due March and April 19th. The Lees were notified that the mortgage was being declared in default and the unpaid principal balance was being accelerated. On May 16, William Lee sent Old Republic a certified check for the payments due March, April and May 19. Old Republic returned the check and filed suit to foreclose. Lee filed an answer and a motion to reinstate the mortgage on the basis that the Lees had tendered payment and that the property was now for sale and Old Republic would be paid from the proceeds.
The court granted the motion to reinstate finding that there was substantial equity in the real estate subject to the mortgage, that the first mortgage, having a principal balance of approximately $47,000.00 was current, and that the second mortgage of Old Republic was to be paid out of the proceeds of a proposed sale.
We find that the reinstatement of the mortgage and the refusal of the court to order foreclosure was error and reverse. As a general rule of law, a mortgagor, prior to the election of a right to accelerate by the mortgage holder upon the occurrence of a default, may tender the arrears due and thereby prevent the mortgage holder from exercising his option to accelerate. Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1929). However, once the mortgage holder has exercised his option to accelerate, the right of the mortgagor to tender only the arrears *755 is terminated. Uwanawich v. Gaudini, 334 So.2d 116 (Fla. 3d DCA 1976).
In David v. Sun Federal Savings & Loan Ass’n, 461 So.2d 93 (Fla.1984) the Florida Supreme Court stated:
It is well established in this state that an acceleration clause or promise in a mortgage confers a contract right upon the note or mortgage holder which he may elect to enforce upon default. Campbell v. Werner, 232 So.2d 252, 255 (Fla. 3d DCA 1970). Safeguarding the validity of such contracts, and assuring the right of enforcement thereof, is an obligation of the courts which has constitutional dimensions. Id. at 256. See also art. I, § 10, U.S. Const; Declaration of Rights, art. I, § 10, Fla.Const.
******
Only under certain clearly defined circumstances may a court of equity refuse to foreclose a mortgage. Mere notions or concepts of natural justice of a trial judge which are not in accord with established equitable rules and maxims may not be applied in rendering a judgment. Although providing equitable relief in a proper case is discretionary with the trial judge, were that discretion not guided by fixed principles, the degree of uncertainty injected into contractual relations would be intolerable. Equity cannot therefore look solely to the result in determining whether to grant relief, but must apply rules which confer some degree of predictability on the decision-making process.
Equitable principles established by years of judicial decisions represent specific circumstances which courts regard as adequate to bar acceleration and foreclosure. The Campbell court set out a number of situations which courts have traditionally recognized as permitting relief from foreclosure:
Foreclosure on an accelerated basis may be denied when the right to accelerate has been waived or the mortgagee estopped to assert it, because of conduct of the mortgagee from which the mortgagor (or owner holding subject to a mortgage) reasonably could assume that the mortgagee, for or upon a certain default, would not elect to declare the full mortgage indebtedness to be due and payable or foreclose therefore; or where the mortgagee failed to perform some duty upon which the exercise Of his right to accelerate was conditioned; or where the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee’s election to accelerate has been given (by actual notice or by filing suit to foreclose for the full amount of the mortgage indebtedness); or where there was intent to make timely payment, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period.
Id. at 256, 257.
461 So.2d at 95-97.
The equitable factors which influenced the trial judge below are not sufficient and do not meet the criteria set out in David.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ORFINGER and COBB, JJ., concur.