621 So.2d 732 (1993)
Gerardo PICI, Appellant,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, Appellee.
No. 93-00107.
District Court of Appeal of Florida, Second District.
June 4, 1993.
Rehearing Denied August 9, 1993.
*733 David B. McEwen, Stolba, Verona & McEwen, St. Petersburg, for appellant.
Roger A. Kelly, Foster & Kelly, Orlando, for appellee.
FRANK, Judge.
Gerardo Pici, indebted to First Union National Bank, has appealed from an order denying his motion to dissolve a prejudgment writ of replevin. First Union accelerated the indebtedness, an act we find to have been a nullity. Thus, we reverse.
On July 3, 1991, Pici executed and delivered to First Union a promissory note and security agreement. Payments were due on or before the fifteenth of each month. Pici made timely payments on the note until he defaulted in September, 1992. Accordingly, on October 26, 1992 First Union notified Pici that his payments for both September and October, 1992, were late and demanded a total of $855.40 to bring the account current. Pici paid that sum, which included late charges, on November 9, 1992, and was given a teller's receipt for the payment on that date.
First Union alleges that, after October 26, 1992 but before November 9, 1992, the bank reached an internal, unannounced decision to accelerate the balance of the note which was then $18,009.53. Pici knew nothing of First Union's determination to accelerate the note prior to the service of the complaint, which was filed on November 13, 1992. First Union sought and obtained an ex parte prejudgment writ of replevin, concomitantly posted a bond, and seized the collateral. On November 16, 1992, Pici paid First Union his November payment. Two days later Pici moved the trial court to dissolve the prejudgment writ of replevin. After a hearing on November 20, 1992, the court denied the motion, and Pici has appealed from that order.
This case implicates the language in First Union's contract declaring that if the mortgagor is in default, the bank has the right "to declare the entire unpaid debt immediately due and payable without giving [the mortgagor] any advance notice." First Union's contractually expressed right to accelerate is not a self-executing type as was the one described in Baader v. Walker, 153 So.2d 51 (Fla. 2d DCA), cert. denied, 156 So.2d 858 (Fla. 1963). Rather, the acceleration clause at hand requires after a default that First Union "take some clear and equivocal [sic] action indicating its intent to accelerate all payments under the note, and such action should apprise the maker of the fact that the option to accelerate has been exercised." Central Home Trust Co. v. Lippincott, 392 So.2d 931, 933 (Fla. 5th DCA 1990). A demand for accelerated payments can consist of written or oral notice to the debtor, or the filing of a suit pleading acceleration. Id. By contract, however, First Union has attempted to evade its legal responsibility to provide notice consistent with the determination to accelerate or the actual acceleration. The decision to accelerate, First Union contends, was made prior to the debtor's tender of payments. We denounce that notion because Pici had no notice of that decision and he tendered payment under the impression that he was bringing his account current.
It also appears that First Union has attempted to contract away any reliance Pici might have upon the equitable principle that tender by the mortgagor of past due payments prior to acceleration defeats the mortgagee's right to accelerate. In David v. Sun Federal Savings & Loan Association, 461 So.2d 93, 96 (Fla. 1984) (quoting Campbell v. Werner, 232 So.2d 252, 256 (Fla. 3d DCA 1970)), the supreme court identified the equitable grounds upon which foreclosure on an accelerated basis can be denied. They include the following:

*734 ... where the mortgagor tenders payment of defaulted items, after the default but before the notice of the mortgagee's election to accelerate has been given (by actual notice or by filing suit to foreclose for the full amount of the mortgage indebtedness).
In this case Pici attempted to cure the default by tendering late payments and late charges, and he did so before he had any notice that First Union had exercised its option to accelerate. Based upon the language in David and Campbell, then, the trial court should have refused to accelerate the mortgage. The operative word in this rule is "tender"; actual acceptance by the creditor is not required. See Savarese v. Schoner, 464 So.2d 695 (Fla. 2d DCA 1985). Thus, any issue raised by First Union concerning whether its teller had the authority to "accept" Pici's payment is not material to this decision and should have had no bearing upon the outcome.
First Union's contract language relieves it from any duty to give a debtor notice or warning prior to its decision to accelerate or make a demand. The mere decision to accelerate, without more, is of no consequence. The actual acceleration, however, can not be effected absent notice to the debtor in some form. Once Pici had tendered payment equitable considerations prevented enforcement of First Union's undisclosed decision to accelerate. See River Holding v. Nickel, 62 So.2d 702 (Fla. 1952); Lunn Woods v. Lowery, 577 So.2d 705 (Fla. 2d DCA 1991); Bensman v. DeLuca, 498 So.2d 645 (Fla. 4th DCA 1986); LaBoutique of Beauty Academy, Inc. v. Meloy, 436 So.2d 396 (Fla. 2d DCA 1983). Pici's account was current when First Union filed suit, and the trial court should have dissolved the prejudgment writ of replevin.
Reversed and remanded for further proceedings in accordance with this opinion.
RYDER, A.C.J., and BLUE, J., concur.