660 So.2d 786 (1995)
KNIGHT ENERGY SERVICES, INC., and/or Knight Energy Turnpike Services, Inc., and/or Knight Service Centers, Ltd., and/or Knight Enterprises, Inc., and/or High Test, Inc., and/or Charles A. Wilkinson, and/or Priority Properties, Inc., and/or William L. Knight, Appellants,
v.
AMOCO OIL COMPANY, Jack E. Bouska, Moe Bern and J.D. Robbins, Appellees.
No. 94-1812.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
*787 Steve I. Silverman and Marcia Soto of Kluger, Peretz, Kaplan & Berlin, P.A., Miami, and Jack Scarola of Searcy, Denny, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellants.
Ross B. Bricker, Teresa J. Verges and Mark F. Peres of Jenner & Block, Miami, for appellees.
GUNTHER, Chief Judge.
Appellants, Knight Service Centers, Ltd., Knight Enterprises, Inc., Knight Energy Services, Inc., Priority Properties, Inc., and William L. Knight, individually (collectively the Knight Entities), appeal a summary final judgment of foreclosure entered by the trial court. We affirm all issues except one. Because genuine issues of material facts exist regarding the Knight Entities' affirmative defenses, we reverse.
Amoco is a major supplier of motor fuel while the Knight Entities were established petroleum franchises operating branded retail stations throughout Palm Beach County. Among the stations owned/operated by the Knight Entities were the six parcels of real property which are the subject of the foreclosure judgment under review.
*788 In December 1988, Amoco loaned the Knight Entities approximately $8.3 million dollars. In 1991, a dispute arose concerning the aforementioned loan which ultimately led to contested litigation. Eventually, the parties were able to reach a settlement agreement whereby the Knight Entities agreed to repay Amoco over nine million dollars. Additionally, the parties executed notes and mortgages on the six service stations to secure repayment. Pursuant to the agreement, payment was due in full on September 20, 1992, with an available option to extend the maturity date two years. If the Knight Entities exercised the option, monthly principal and interest payments were to commence on October 1, 1992.
On August, 7, 1992, the Knight Entities notified Amoco of its election to extend the maturity date pursuant to the settlement agreement. However, the Knight Entities failed to make the October 1, 1992 payment and on October 9, 1992, Amoco notified the Knight Entities of the default and afforded them thirty days to make payment. Prior to the expiration of the thirty day window, on November 2, 1992, the Knight Entities filed a complaint against Amoco alleging breach of contract, breach of an implied covenant of good faith and fair dealing, and tortious interference with an advantageous business relationship. Thereafter, on November 10, 1992, Amoco filed the instant foreclosure action. The two cases were subsequently consolidated by a court order with Amoco's foreclosure action becoming the primary case.
The Knight Entities answered the foreclosure complaint alleging numerous affirmative defenses including estoppel, waiver, fraudulent inducement, tortious interference, novation and release, set-off and unclean hands. Most, if not all of these affirmative defenses, were the same allegations contained in the Knight Entities' prior complaint. On December 17, 1993, Amoco filed its second motion for summary judgment seeking a final judgment of foreclosure. After hearing argument, the trial court granted Amoco's motion for summary judgment and entered a final summary judgment of foreclosure.
The standard for reviewing the entry of summary judgment is well established. Rule 1.510(c) of the Florida Rules of Civil Procedure mandates that a party moving for summary judgment must conclusively show the absence of any genuine issue of material fact and obligates the trial court to draw every reasonable inference in favor of the non-moving party. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Lenhal Realty, Inc. v. Transamerica Commercial Fin. Corp., 615 So.2d 207 (Fla. 4th DCA 1993). Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment. Cufferi v. Royal Palm Dev. Co., Inc., 516 So.2d 983 (Fla. 4th DCA 1987); Redding v. Powell, 452 So.2d 132 (Fla. 2d DCA 1984). Thus, only when the movant has tendered competent evidence in support of its motion does the burden shift and fall on the non-moving party to come forward with opposing evidence demonstrating that a question of material fact exists. Landers v. Milton, 370 So.2d 368 (Fla. 1979). If the evidence before the trial court raises any issues of material fact, if it is conflicting, if it will permit different reasonable inferences or if it tends to prove the issues, summary judgment is inappropriate. Moore, 475 So.2d at 668.
In David v. Sun Federal Savings & Loan, Ass'n, 461 So.2d 93 (Fla. 1984), the supreme court delineated the equitable grounds upon which foreclosure on an accelerated basis can be denied. Quoting from Campbell v. Werner, 232 So.2d 252, 256-57 (Fla. 3d DCA 1970), the supreme court explained:
Foreclosure on an accelerated basis may be denied when the right to accelerate has been waived or the mortgagee estopped to assert it, because of conduct of the mortgagee from which the mortgagor (or owner holding subject to the mortgage) reasonably could assume that the mortgagee, for or upon a certain default, would not elect to declare the full mortgage indebtedness to be due and payable or foreclose therefore; or where the mortgagee failed to perform some duty upon which the exercise *789 of his right to accelerate was conditioned; or where the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee's election to accelerate has been given . ..; or where there was intent to make timely payment, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period.
David, 461 So.2d at 96. See also Pici v. First Union Nat'l Bank of Fla., 621 So.2d 732 (Fla. 2d DCA), rev. denied, 629 So.2d 132 (Fla. 1993); Lunn Woods v. Lowery, 577 So.2d 705 (Fla. 2d DCA 1991).
However, these are not the only defenses that can preclude the entry of summary final judgment in a foreclosure action. A foreclosure action is an equitable proceeding which may be denied if the holder of the note comes to the court with unclean hands or the foreclosure would be unconscionable. Federal Sav. & Loan Ins. Corp. v. Two Rivers Assocs., Inc., 880 F.2d 1267, 1272 (11th Cir.1989). Moreover, in Stevens v. Len-Hal Realty, Inc., 403 So.2d 507 (Fla. 4th DCA 1981), this court reversed a final summary judgment of foreclosure where substantial fact issues existed as to the mortgagor's affirmative defense of tortious interference.
In the instant case, therefore, the Knight Entities' affirmative defenses of unclean hands and tortious interference are legally sufficient to preclude a final summary judgment of foreclosure. These affirmative defenses directly relate to the issues raised in Amoco's foreclosure action, specifically the enforcement of the underlying loan transaction and settlement agreement. Moreover, Amoco failed to factually refute the allegations raised by the Knight Entities' affirmative defenses. The affidavits filed by Amoco in support of its motion for summary judgment merely refer to the settlement agreement, the Knight Entities' failure to make a timely payment, and the calculations of the principal and interest allegedly due. Nothing contained therein factually addresses the affirmative defense of unclean hands or tortious interference. Until Amoco successfully met its initial burden as the movant for summary judgment, the Knight Entities were under no obligation to demonstrate issues remaining to be tried. Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993).
Accordingly, the affirmative defenses of unclean hands and tortious interference raised by the Knight Entities are legally sufficient to preclude the entry of a summary final judgment of foreclosure. Furthermore, Amoco failed to factually refute these affirmative defenses. As such, a genuine issue of material fact existed precluding the entry of final summary judgment. Therefore, this case is reversed and remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
STONE and FARMER, JJ., concur.