SHAHOOD, Judge.
Second mortgagees, James and Loretta Barnes, appeal a final judgment of mortgage foreclosure in favor of Resolution Trust Corporation (“RTC”), receiver for City Federal Savings Bank. We affirm.
The Barneses sold property to James and Florence Marsh who executed a mortgage and promissory note in the amount of $161,-000.00 in favor of City Federal Savings Bank. At the closing, the Marshes also executed a second mortgage in the amount of $24,373.00 in favor of the Barneses. Eventually, the Marshes defaulted on the second mortgage and the Barneses foreclosed. After foreclosing, the Barneses continued making payments to City Federal on the first mortgage and requested through various letters that the bank send them the appropriate papers to effect an assumption of the mortgage. A representative from the RTC testified that the records indicated that City Federal had responded to the Barneses inquiry; however, the Barneses testified that the bank never responded to their request.
Without ever formally assuming the mortgage, the Barneses continued to make monthly mortgage payments in order to prevent a default. City Federal accepted some installment payments (totalling approximately $15,000.00), but when the RTC took over, it refused to accept payments. Despite the fact that the RTC returned their payments, the Barneses expended money replacing the roof, painting, replacing fixtures and carpeting, and paying real estate taxes and hazard insurance. The Barneses rented the property and retained the income in violation of a court order directing them to deposit the income into the court registry.
When the City Federal loan went into default, the outstanding principal balance was $155,719.17 and the interest due was $67,217.84. The lower court’s foreclosure in favor of the RTC is the subject of this appeal. Based on City Federal’s previous acceptance of installment payments, the Barneses argue that the RTC is estopped from refusing payments and forcing default of an otherwise current mortgage after City Federal had previously accepted the Barnes-es’ payments.
An acceleration clause in a mortgage confers upon the mortgagee a contract right of constitutional dimensions. Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970). Courts are obligated to protect the validity of such contracts and may impair the mortgagee’s right to foreclose only in limited situations. David v. Sun Federal Sav. & Loan Ass’n, 461 So.2d 93 (Fla.1984). Specifically, courts will bar acceleration and foreclosure as follows:
Foreclosure on an accelerated basis may be denied when the right to accelerate has been waived or the mortgagee estopped to assert it, because of conduct of the mortgagee from which the mortgagor (or owner holding subject to a mortgage) reasonably could assume that the mortgagee, for or upon a certain default, would not elect to declare the full mortgage indebtedness to be due and payable or foreclose therefore; or where the mortgagee failed to perform some duty upon which the exercise of his right to accelerate was conditioned; or where the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee’s election to accelerate has been given (by actual notice or by fifing suit to foreclose for the full amount of the mortgage indebtedness) or where there was intent to make timely *1173 payment, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period.
Id. at 96 (quoting Campbell, 232 So.2d at 256-7). The trial judge should exercise his discretion not only to achieve an equitable result, but also to maintain a certain degree of predictability in the decision-making process. Id. at 95.
The circumstances in the instant case are not among those which traditionally preclude foreclosure. Pursuant to the terms of the mortgage, the RTC had a contractual right to foreclose when the Marshes defaulted. The RTC was not obligated to the Barneses as they were not parties to the first mortgage, nor did they ever assume the first mortgage. More importantly, there was no evidence that either City Federal or the RTC induced the Barneses to continue making payments to satisfy the first mortgage. See State Dep’t of Revenue v. Anderson, 403 So.2d 397 (Fla.1981) (citing Greenhut Constr. Co. v. Henry A Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971) (to prevail under estoppel theory, movant must demonstrate that (1) defendant or an agent made a representation with regard to a material fact; (2) movant relied on the representation; and (3) changed his position to his detriment in reliance on the representation)). On these facts, we find that the trial court did not abuse its discretion, and affirm the order of foreclosure.
Even though we find that the RTC is not estopped from accelerating the mortgage based on its acceptance of the Barneses’ payments, we nevertheless hold that the RTC is not entitled to retain those payments. Therefore, we also remand for an evidentiary hearing to determine the exact amount paid by the Barneses in satisfaction of the first mortgage and direct that the RTC refund that amount plus interest to the Barneses. See New Port Largo, Inc. v. Munz, 498 So.2d 450 (Fla. 3d DCA 1986).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WARNER and PARIENTE, JJ„ concur.