705 So.2d 50 (1997)
Gerardo PICI, Appellant,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, Appellee.
No. 96-04475.
District Court of Appeal of Florida, Second District.
December 19, 1997.
*51 Jawdet I. Rubaii and Jack F. White of Jawdet I. Rubaii, P.A., Clearwater, for Appellant.
Roger A. Kelly and Steven M. Fahlgren of Foster & Kelly, P.A., Orlando, for Appellee.
WHATLEY, Judge.
Gerardo Pici appeals the order awarding First Union National Bank of Florida attorney's fees. We conclude there was no basis for the fee award and reverse.
In 1991, Pici executed and delivered to First Union a promissory note and security agreement evidencing a loan of approximately $18,000. The loan was related to the purchase of a boat.
This case has a long history, including a previous appeal. Pici v. First Union National Bank of Florida, 621 So.2d 732 (Fla. 2d DCA 1993). In the prior appeal, this court determined that Pici had cured any monetary default before receiving notice of acceleration of the debt. Despite that ruling, the parties continued to litigate. First Union's continuing claims were for monetary and nonmonetary defaults. Pici was proceeding on his counterclaim. The case was subsequently tried before a jury, which returned a verdict in favor of First Union solely on its replevin claim for possession of the boat. First Union did not prevail on the remainder of its claims, nor did Pici prevail on his counterclaim. The trial court entered a final judgment reserving ruling on First Union's claim for attorney's fees. First Union subsequently was awarded fees in the amount of $127,420.
Before proceeding further, we feel compelled to comment on the amount of First Union's fees which it is seeking Pici to pay. Fees in that amount exceed any definition of reasonableness based on the facts and circumstances of this case.
Pici raises a number of reasons to reverse the attorney's fee award. We need address only one. The fee award was based on the following contractual language in the promissory note: "ATTORNEY'S FEES: If you hire an attorney to collect what I owe, I agree to pay your reasonable attorney's fee, plus court costs." Attorney's fee provisions are to be strictly construed. See Venetian Cove Club, Inc. v. Venetian Bay Developers, Inc., 411 So.2d 1323 (Fla. 2d DCA 1982). First Union could have had a fee provision that entitled it to fees for successful pursuit of any breach or default under the note. It did not. The replevin action on which First Union prevailed was based on a nonmonetary default; it was not a claim seeking money owed from Pici. As such, the attorney's fee provision was never activated.
Accordingly, we reverse First Union's award of attorney's fees. This matter is remanded for proceedings consistent with this opinion.
Reversed and remanded.
PATTERSON, A.C.J., and BLUE, J., concur.