PLEUS, J.
The parties agree that the trial court awarded attorney’s fees and costs to Lighthouse Realty Group, Inc. (Lighthouse), Wicker and R.L. Morris Development Corp., based upon paragraph R of the contract for sale and purchase of real property. This contract, which was between Ralph Morris, as seller, and Eric Snedeker, as buyer, provided at paragraph R:
R. ATTORNEY’S FEES; COSTS: In any litigation, including breach, enforcement or interpretation, arising out of this Contract, the prevailing party in such litigation, which, for purposes of this Standard, shall include Seller, Buyer and any brokers acting in agency or nonagency relationships authorized by Chapter 475, F.S., as amended, shall be entitled to recover from the non-prevailing party reasonable attorney’s fees, costs and expenses.
The lawsuit here, from which a voluntary dismissal was taken, was brought against Lighthouse, Wicker and R.L. Morris Development Corp. The attorney’s fees provision by its terms pertains to the “Seller, Buyer and any brokers.... ” Lighthouse is named as a broker in the contract and as a prevailing party in the litigation was properly awarded attorney’s fees and costs. However, neither R.L. Morris Development Corp. nor Wicker was the seller, buyer or broker as contemplated by the attorney’s fees provision. See Pici v. First Union Nat’l Bank, 705 So.2d 50 (Fla. 2d DCA 1997) (contractual attorney fee provision must be strictly construed).
Accordingly, we remand the case to the trial judge to correct the final judgment so that it reflects an attorney’s fees award on behalf of Lighthouse only.
REMANDED.
COBB and SAWAYA, JJ., concur.