HAZOURI, J.
Barbara Kimmick appeals from the granting of U.S. Bank’s amended motion for summary final judgment of foreclosure and attorneys’ fees, which was based upon the affidavit of indebtedness, the mortgage, and the promissory note. Kimmick asserts there were genuine issues of material fact precluding the granting of the summary judgment. We agree and reverse.
Kimmick filed an affidavit in opposition to the motion for summary judgment. She stated that she has resided at the subject property for twenty years and in February of 2009, she lost her job. She continued paying her mortgage from her savings through July of 2009. She then stated:
4. On or about August 6, 2009, I contacted my lender, Bank of America, and explained that I was experiencing financial hardship due to the loss of my job and that I had exhausted my personal savings thereafter in paying the subject note and mortgage from February 2009 to July 2009.
5. I requested assistance from Bank of America in paying my mortgage and, over the phone, Bank of America, by and through its representative, Bethany, calculated a new and reduced mortgage payment in the amount of $506.85 and that I was to start paying the new amount immediately.
6. Bank of America, by and through Bethany, further stated to me that after three (3) month’s payment of the $506.85, they would review my payment history and, if I had consistently met my payment obligations, that they would grant me a permanent mortgage modification at that amount.
7. In reliance on Bank of America’s representations above, I faithfully paid Bank of America the monthly sum of $506.85 for six (6) months from August 2009 through January 2010. A true copy of my Bank of American Payment Overview reflecting and evidencing the foregoing is attached hereto as Exhibit “A”.
8. Importantly, the Bank of America Payment Overview, on its face, clearly states that my six (6) months of reduced mortgage payments was for “mortgage remodification” [emphasis supplied].
9. Thereafter, on January 11, 2010, this foreclosure action was filed against me claiming that I defaulted in the subject mortgage of this action by failing to pay my mortgage payments due commencing September 1, 2009.
10. However, I could not possibly have been in default of the subject mortgage *879 because, as evidenced by Exhibit “A” attached, Bank of America agreed to accept and was accepting monthly mortgage payments from me from August 2009 until January 2010 — when this foreclosure action was unilaterally filed. I have also paid for insurance and real estate taxes on the subject property. 11. Accordingly, Plaintiff is equitably stopped from maintaining this action not only by accepting monthly mortgage payments from me but also by bootstrapping and manufacturing the alleged basis for my mortgage default herein. Thus, Plaintiff has filed the instant action in bad faith without any investigation prior thereto.
Exhibit A is a printout from Kimmick’s online bank account showing the six payments to Bank of America Home Loans from her account.
U.S. Bank filed an affidavit of the assistant secretary of BAC Home Loans Servicing in which he states that the records show that the September 1, 2009, payment was not made. It further states:
7. There has been no payment after the date of October 16, 2009. The borrower has not qualified for a loan modification under the HAMP guidelines and the borrower is not paying on a loan modification currently.
At the summary judgment hearing, Kimmick’s counsel presented the facts from her affidavit to the court. He asserted equitable estoppel. He also argued that where an affirmative defense is pleaded, and the plaintiff does not negate it, the plaintiff is not entitled to summary judgment.
In response to Kimmick’s affidavit U.S. Bank referred the court to the pre-acceler-ation letter sent to the borrower in September and October which counsel stated they said: “The default will not be considered cured unless BAC Home Loan Servicing, LP receives good funds in the amount of $3,153.77 on or before November 18, 2009. BAC Home Loan Servicing, LP reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to the foreclosure since the default would not have been cured.” Kimmick’s counsel did not deny that Kimmick received the letter but that they had told her to pay a reduced amount and which the bank accepted. U.S. Bank acknowledged that it received five of six of Kimmick’s payments.
The trial court entered its Summary Final Judgment of Foreclosure which did not address any of Kimmick’s affirmative defenses.
“Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The “party moving for summary judgment must factually refute or disprove the affirmative defenses raised, or establish that the defenses are insufficient as a matter of law.” Leal v. Deutsche Bank Nat’l Trust Co., 21 So.3d 907, 909 (Fla. 3d DCA 2009) (citing Kendall Coffey, Foreclosures in Florida 493 (2008) (citing Stop & Shoppe Mart, Inc. v. Mehdi, 854 So.2d 784 (Fla. 5th DCA 2003); Manassas Inv., Inc. v. O’Hanrahan, 817 So.2d 1080 (Fla. 2d DCA 2002))). See also Knight Energy Servs., Inc. v. Amoco Oil Co., 660 So.2d 786, 788 (Fla. 4th DCA 1995) (“Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment.”).
*880 Kimmick argues that U.S. Bank waived its right to foreclose based upon the representations made to her by the agent she spoke to at Bank of America. The affirmative defense was stated as follows:
24. For her Twelfth Affirmative Defense, KIMMICK states that Plaintiff has waived its rights to foreclosure by the actions of Plaintiffs agent and loan servicer for the subject mortgage, to-wit: Bank of America, agreeing to and actually accepting reduced mortgage payments from KIMMICK for at least six consecutive months.
In Destín Savings Bank v. Summerhouse of FWB, Inc., 579 So.2d 282 (Fla. 1st DCA 1991), the court set forth the following principles:
Waiver is defined as an intentional relinquishment or abandonment of a known right or privilege, or conduct that warrants an inference of the intentional relinquishment of a known right. In order to establish a valid waiver, the following elements must be satisfied: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit that may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish that right, privilege, advantage or benefit.
Id. at 235 (citations omitted). In Barnes v. Resolution Trust Corp., 664 So.2d 1171 (Fla. 4th DCA 1996), this court held:
An acceleration clause in a mortgage confers upon the mortgagee a contract right of constitutional dimensions. Courts are obligated to protect the validity of such contracts and may impair the mortgagee’s right to foreclose only in limited situations. Specifically, courts will bar acceleration and foreclosure as follows:
Foreclosure on an accelerated basis may be denied when the right to accelerate has been waived or the mortgagee estopped to assert it, because of conduct of the mortgagee from which the mortgagor (or owner holding subject to a mortgage) reasonably could assume that the mortgagee, for or upon a certain default, would not elect to declare the full mortgage indebtedness to be due and payable or foreclose therefore; or where the mortgagee failed to perform some duty upon which the exercise of his right to accelerate was conditioned; or where the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee’s election to accelerate has been given (by actual notice or by filing suit to foreclose for the full amount of the mortgage indebtedness) or where there was intent to make timely payment, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period.
Id. at 1172-73 (citations omitted) (emphasis supplied).
Kimmick also asserts that U.S. Bank waived acceleration when its agent told Kimmick that she could make the lower payments for several months, possibly get a modification, and then U.S. Bank would not proceed with an acceleration.
U.S. Bank asserts that this court can affirm the judgment with respect to the affirmative defense of waiver for a different reason. In both the note and the mortgage, there is the same provision which states:
Borrower not released; Forbearance by Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Inter *881 est of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender’s acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.
U.S. Bank argues that this “No Waiver” provision allows it to accept prior late or reduced payments without losing its right to enforce its rights and remedies. Kim-mick, however, is asserting that U.S. Bank waived this provision by representing to her that she could make reduced payments, which were timely, and meet the requirements for a permanent mortgage modification.
Therefore, there remain genuine issues of material fact as to the issues raised by the affirmative defense of the loan modification. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

MAY, C.J., and DAMOORGIAN, J., concur.