DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARMEN E. REANO** and **SANTIAGO REANO,**
Appellants,

v.

**US BANK, NATIONAL ASSOCIATION,** as Trustee for Credit Suisse First Boston CSFB 2005-3, **FRENCH VILLAS CONDOMINIUM ASSOCIATION, INC.,**
Appellees.

Nos. 4D14-886 and 4D15-0212

[May 11, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. CACE10012392.

Jeffrey Golant of The Law Offices of Jeffrey N. Golant, P.A., Coral Springs, and Jennifer T. Harley of Legal Aid Service of Broward County, Inc., Plantation, for appellants.

Dean A. Morande and Michael K. Winston of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee U.S. Bank, National Association, as Trustee for Credit Suisse First Boston CSFB 2005-3.

DAMOORGIAN, J.

Carmen and Santiago Reano appeal a final judgment of mortgage foreclosure entered in favor of US Bank, N.A. as Trustee for Credit Suisse First Boston CSFB 2005-3 (the "Bank"). Appellants challenge the sufficiency of the evidence establishing that they were in default at the time the Bank filed its complaint as well as the denial of their motion for relief from judgment based on the presiding judge's alleged conflict of interest. After a careful review of the record, we agree that the Bank did not present competent, substantial evidence establishing that Appellants were in default and, therefore, reverse.

The Bank filed a mortgage foreclosure complaint against Appellants on March 16, 2010. In its complaint, the Bank alleged that "there has been a default under the note and mortgage held by [Appellants] in that the

payment due November 1, 2009 and all subsequent payments have not been made." As an affirmative defense, Appellants asserted that they had "tendered all payments as required" but the Bank "has breached the agreement by refusing to accept same."

At the bench trial, a loan verification analyst for the loan's servicer testified as the Bank's only witness. Through the analyst, the Bank introduced Appellants' payment history, the servicer's breach letter, and the servicer's collection log into evidence. The analyst testified that the breach letter informed Appellants they were delinquent on their mortgage in the amount of $1,309.92 as of December 20, 2009 and had until January 19, 2010 to pay. Appellants remitted payment in the amount of $3,297.14 on March 8, 2010. Rather than apply Appellants' payment to their account, the servicer placed the funds in suspense because, according to the analyst, the remitted payment came "too late." Eight days later, the Bank filed its lawsuit. On cross-examination, the analyst admitted that Appellants' March 8, 2010 payment, if applied, would have brought their "account current all the way to April of 2010." Considering the aforementioned evidence, the court entered judgment in favor of the Bank.

On appeal, Appellants maintain that their March 8, 2010 payment brought their account current to April of 2010 and, thus, they were not in default when the Bank filed its lawsuit. The Bank argues that although Appellants' March 8, 2010 payment was sufficient to cover past due principal, interest, and late fees, it was insufficient to cure their default as it did not cover two fifteen dollar inspection fees and a ninety-five dollar "Broker BPO" fee. An appellate court reviews the trial court's findings in a foreclosure action concerning the amounts paid and owed under a note "for competent, substantial evidence supporting the verdict." *Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 283 (Fla. 2d DCA 2014).

In support of its argument, the Bank relies on a Mortgage Payment History which was created on December 13, 2013 and admitted into evidence while the Bank was laying a foundation for the analyst's testimony. However, later in the trial, the Bank submitted an Amended Payment History into evidence which the analyst testified was "more complete" than the December 13, 2013 payment history. The Amended Payment History does not reflect that Appellants' account incurred any loan inspection fees prior to March 8, 2010.

Further, while the Amended Payment History reflects that a ninety-five dollar "Broker BPO Fee" was logged on February 25, 2010, the analyst's testimony as to Appellants' March 8, 2010 payment was not that it was

insufficient, but rather, was that it came too late to cure the default. In essence, the analyst testified that by the time Appellants made their payment, the loan had been accelerated. She also testified that but for the acceleration, Appellants' March 8, 2010 payment would have brought their account current to April of 2010.

"[T]ender by the mortgagor of past due payments prior to acceleration defeats the mortgagee's right to accelerate." *Pici v. First Union Nat'l Bank of Fla.*, 621 So. 2d 732, 733 (Fla. 2d DCA 1993). When a mortgage contains an acceleration clause which is not automatic or self-executing, as is the mortgage in this case, the lender must provide notice of its intent to accelerate as required by the mortgage and must also "give notice to the borrower that it has done so" before the loan is deemed accelerated. *Snow v. Wells Fargo Bank, N.A.*, 156 So. 3d 538, 541 (Fla. 3d DCA 2015), *review denied*, 177 So. 3d 1271 (Fla. 2015). The filing of a lawsuit constitutes notice of acceleration. *Id.*

Although the Bank provided a notice of intent to accelerate via its breach letter, the Bank did not actually accelerate the note prior to the point Appellants tendered payment, and does not maintain otherwise on appeal. Absent evidence of a pre-payment acceleration, the analyst's testimony established that Appellants' March 8, 2010 payment cured the default. Accordingly, the court's judgment is not supported by competent, substantial evidence. In light of this holding, we need not address the merits of the court's denial of Appellants' motion for relief from judgment based on the presiding judge's alleged conflict of interest.

*Reversed.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3