EVANDER, C.J.
The mortgagee, US Bank National Association, as Successor Trustee to Bank of America, National Association, Successor by Merger to Lasalle Bank National Association, as Trustee for Thornburg Mortgage, etc., ("the Trustee"), cross-appeals a final judgment that permitted it to foreclose on property owned by the mortgagor, Carol Ann Bowe, but only as to amounts unpaid through October 1, 2013, rather than the full accelerated amount due on the mortgage. The Trustee argues that the trial court erroneously found that it was equitably estopped from exercising its right to accelerate based on its purported failure to verbally provide a mortgage reinstatement figure after Bowe's default. We agree.
This court has observed that prior to a mortgage holder's election of the right to accelerate upon the occurrence of a default, a mortgagor may tender the arrears due and thereby preclude acceleration. Old Republic Ins. Co. v. Lee , 507 So.2d 754 (Fla. 5th DCA 1987). However, once the mortgage holder has exercised its right to accelerate, the mortgagor's right to tender only the arrears is terminated. Id. at 754-55.
In the instant case, the undisputed evidence presented at trial was that Bowe failed to make her October 1, 2009 mortgage payment. On November 15, 2009, Bowe was sent a default letter advising her that her loan was in default and, if not brought current, the Trustee would exercise its right to accelerate payment of the loan balance. On January 20, 2010, the Trustee gave notice that it had exercised its right to accelerate. Notably, Bowe did not make or tender any additional payment prior to the notice of acceleration. Bowe's oral representations of her ability and willingness to bring the mortgage current (made in early January 2010) did not constitute a legal tender of payment. See Jacobs v. Auto. Repair Ctr., Inc. , 137 So.2d 263, 265 (Fla. 1st DCA 1962) ("[T]he proof adduced before the trial court reflects that when plaintiff made demand upon defendant the latter countered with an oral offer to pay the delinquent installment. Such action on the part of defendant does not constitute a legal tender.").
The effect of the final judgment entered below was to deny the Trustee's right to accelerate the mortgage indebtedness as *1191 contracted for in the note and mortgage. See Campbell v. Werner , 232 So.2d 252 (Fla. 3d DCA 1970). That denial was improper, particularly given that the record reflects that prior to trial Bowe failed to make or tender any payment subsequent to her October 1, 2009 default. Id. at 256-57.
On remand, the trial court is directed to enter an amended final judgment of foreclosure for the entire accelerated amount of the note.[1]
REVERSED and REMANDED.
WALLIS and HARRIS, JJ., concur.

Our disposition of the cross-appeal renders moot the issue raised on appeal by Bowe.