300 So.2d 31 (1974)
Susie A. HEIMER, Appellant,
v.
ALBION REALTY & MORTGAGE INC., a Florida Corporation and Solano Sanchez Marco T., Appellees.
No. 74-186.
District Court of Appeal of Florida, Third District.
September 17, 1974.
*32 Hendricks & Hendricks, Coral Gables, for appellant.
Sidney M. Bodzin, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and RAWLS, JOHN S., Associate Judge.
HENDRY, Judge.
Appellant challenges the correctness of a final judgment entered in favor of the defendants in a suit for foreclosure of a purchase money mortgage on real estate.
The effect of the judgment for the defendants was to deny plaintiff the right to accelerate the mortgage indebtedness upon a breach by the mortgagor of a provision in the mortgage requiring the mortgagor, Albion to pay the taxes before they became delinquent.
Plaintiff's complaint in foreclosure alleged that the defendant Albion Realty & Mortgage, Inc. had defaulted in the payment of the 1971 real property taxes in violation of the covenant contained in the mortgage and that plaintiff was required to expend monies to redeem a certificate for delinquent taxes, sold by Dade County, in order to protect her security; that plaintiff has exercised her option vested in her by the terms of said mortgage to declare the entire principal sum secured by said note and mortgage immediately due and payable and has further exercised her option to foreclose.
The defendants' answer admitted the indebtedness and their failure to pay the taxes in accordance with the provision in the mortgage.
The answer further set forth that said taxes were not paid through inadvertence or neglect; that plaintiff refused to accept tender, after the suit was filed, of the amount necessary to reimburse her for the monies advanced by her by reason of the nonpayment of said taxes.
The cause went to trial and resulted in the entry of a final judgment for the defendants which reads as follows:
"This cause coming on to be heard before me for trial without jury, and the Court having heard the testimony of the Plaintiff as well as argument of counsel for both parties, and having examined the pleadings and being otherwise fully advised in the premises, it is thereupon, upon consideration thereof,
"Ordered, adjudged and decreed as follows:
"1. That Final Judgment be and the same is hereby entered for Defendants and against the Plaintiff, upon condition, *33 however, that the Defendants, within ten (10) days from the date hereof, reimburse Plaintiff for all advancements made for taxes and insurance, with interest as well as to bring current all regular monthly payments due under the note and mortgage sought to be foreclosed herein.
"2. That each party shall bear his own costs expended herein."
On appeal plaintiff contends (1) that the trial court erred in the entry of the final judgment denying acceleration and foreclosure of plaintiff's mortgage and (2) that the court erred in denying plaintiff's prayer for reasonable attorneys' fees and costs. We find merit in each of these contentions and reverse. See: Treb Trading Co. v. Green, 102 Fla. 238, 135 So. 510; Campbell v. Werner, Fla.App. 1970, 232 So.2d 252; Guynn v. Brentmoore Farms, Inc., Fla.App. 1971, 253 So.2d 136.
The judgment appealed is reversed and the cause is remanded for further proceedings.