577 So.2d 705 (1991)
LUNN WOODS, a Florida General Partnership, Appellant,
v.
Linda Ann LOWERY, If Living and If Dead, the Unknown Heirs, Devisees, Grantees and Creditors of Linda Ann Lowery, and All Parties Claiming by, through, under or against Her, Shirley Thompson, Lake Wales Hospital Association, Inc., a Florida Non-Profit Corporation, Board of County Commissioners, Polk County, Florida, S.P.C.A., Inc., a Florida Non-Profit Corporation, Appellees.
No. 90-02610.
District Court of Appeal of Florida, Second District.
April 10, 1991.
*706 Richard A. Miller of Miller, Crosby & Miller, P.A., Lakeland, for appellant.
Phillip E. Kuhn, Lakeland, for appellee Shirley Thompson.
No appearance for remaining appellees.
SCHEB, Judge.
The appellant, Lunn Woods, challenges the trial court's judgment denying its right to foreclose a security interest under an agreement for deed between Lunn Woods and the appellee, Shirley Thompson. We reverse.
In 1987 Lunn Woods entered into an agreement for deed to sell a parcel of land to Thompson. In addition to the down payment, Thompson agreed to make installment payments, pay all real estate taxes and assessments and comply with other covenants. The agreement included a clause providing for acceleration of the remaining installments if Thompson defaulted in payments or breached other covenants.
Lunn Woods filed suit in January 1990, alleging Thompson defaulted by not making the payments due since August 17, 1989 and by failing to pay 1987 and 1988 real estate taxes. Lunn Woods declared an acceleration of the remaining installments and sought foreclosure, attorney's fees and costs. Thompson responded with a general denial alleging that she had made the required payments but that Lunn Woods had not properly credited them. She did not assert any affirmative defenses.
At trial it was revealed that Thompson was also obligated to Lunn Woods on a promissory note unrelated to the agreement for deed transaction. There was conflicting evidence concerning Lunn Woods' application of payments received from Thompson. The trial judge found that Lunn Woods had incorrectly applied payments made by Thompson to an unrelated note and that had Thompson's payments been properly credited, she would not be in default as to the installments due. Thompson, however, admitted her failure to pay 1988 taxes and offered no defense to that breach. Nevertheless, she argued that because Lunn Woods misapplied her payments, it would be inequitable for the court to order foreclosure. The trial judge agreed and entered a final judgment denying foreclosure, attorney's fees and costs, but awarded Lunn Woods a judgment of $381.97 to bring Thompson's obligations current. This appeal ensued.
Lunn Woods argues the trial court abused its discretion since the foreclosure suit was based not only on Thompson's default in payments but also on her failure to pay real estate taxes. We agree. The agreement for deed provides:
TAXES AND ASSESSMENTS. Buyer shall pay all real estate taxes, assessments, and liens becoming due and payable after the date of this agreement *707 before such taxes, assessments, or liens become delinquent. If Buyer fails to pay such taxes, assessments, or liens before they become delinquent, Seller may pay them without waiving Buyer's default and the amount so paid by Seller shall become due and payable to Seller immediately, shall be added to the purchase price provided herein, and shall bear interest at the highest interest rate permitted by law.
DEFAULT. In case of failure of the said Buyer to make any of the payments or any part thereof or to perform any of the covenants herein made and entered into, and said delinquency shall continue for a period of thirty (30) days, the Seller shall consider the whole of the balance due under this agreement as immediately due and payable and collectible, which balance shall bear interest at the maximum interest rate allowed by law and may proceed to foreclosure. .. . Buyer shall be responsible for all costs and attorneys' fees incurred as a result of a breach by Buyer of any covenants herein contained to be performed on the part of the Buyer.
An agreement for deed is in essence a mortgage, and foreclosure thereof is governed by the rules applicable to mortgage foreclosures. Adkinson v. Nyberg, 344 So.2d 614 (Fla.2d DCA 1977). Although the trial judge retains discretion to deny foreclosure, that discretion is exercisable only in certain defined instances. David v. Sun Fed. Sav. & Loan Ass'n, 461 So.2d 93 (Fla. 1984). To illustrate, a trial court may refuse the mortgagee's acceleration and right to foreclose where: (1) the mortgagee waives the right to accelerate or is estopped to do so because of misleading conduct or unfulfilled conditions; (2) the mortgagor tenders payment after default but before notice of mortgagee's election to accelerate; or (3) the mortgagor's failure to make timely payment has been thwarted by a misunderstanding or excusable neglect coupled with some conduct on part of the mortgagee which contributes to the mortgagor's default. Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970).
There was, however, no evidence from which the trial judge could have concluded that Thompson's failure to pay the real estate taxes as required by the contract resulted from any of the foregoing instances. Indeed, Thompson raised no defense beyond her contention that her installment payments were improperly applied. Thus, despite the court having found an improper application of payments, it was error to deny foreclosure on that basis since there was uncontradicted evidence of Thompson's breach of the covenant to pay real estate taxes and assessments. Heimer v. Albion Realty & Mortgage Inc., 300 So.2d 31 (Fla.3d DCA 1974). It follows that the court also erred in denying Lunn Woods an entitlement to a reasonable attorney's fee as provided for in the agreement for deed.
Accordingly, we vacate the judgment and remand with directions to enter a judgment of foreclosure based on the amount due Lunn Woods, together with court costs and a reasonable attorney's fee. The court may conduct further proceedings as necessary to determine these amounts.
SCHOONOVER, C.J., and ALTENBERND, J., concur.