SHAHOOD, Judge.
Appellants, Teymoor Siahpoosh and Sou-san Siahpoosh (“Siahpoosh”), seek review of a Summary Final Judgment of Foreclosure entered against them for failure to make mortgage payments and to pay real estate taxes for the years 1990,1991, and 1992. We affirm on the grounds that appellants failed to pay real estate taxes in accordance with the terms of the mortgage.
On October 28, 1987, Teymoor Siahpoosh entered into a management agreement with Norfield, Inc. (“Norfield”), the holding company of appellee, NOR Properties, Inc. (“NOR”). Under the terms of the agreement, Teymoor Siahpoosh was to manage and negotiate the development and sale of property owned by Norfield in Martin County. Teymoor Siahpoosh was to receive a percentage of the proceeds from the sale of the property as compensation for the performance of his duties. Since Teymoor Siah-poosh’s compensation was based upon the sale of the property, NOR began loaning appellants money to sustain their everyday needs until the property was sold. A promissory note and mortgage deed were executed by the Siahpoosh’s to secure one of the loans.
On April 5, 1991, a mortgage and note modification agreement were entered into by Teymoor Siahpoosh and the president of NOR; Sousan Siahpoosh did not join in this agreement. Thereafter, on April 9, 1992, all of the parties entered into an agreement acknowledging and reaffirming all of the *989 terms and conditions of the mortgage and note as well as the April 5, 1991 modification agreement. In particular, the modification agreement stated that “[t]he parties reaffirm all the terms and provisions of the above referenced note and mortgage as well the note and mortgage modification agreement referred to above and not in conflict herewith.” The promissory note provided the following in relevant part:
If a default should occur in the payment of this Note and/or related security documents or agreement between MAKER and PAYEE, then all obligations to PAYEE set forth in this Note, although otherwise unmatured or contingent, shall, at the option of the PAYEE, forthwith become absolute and due and payable without any notice or demand whatsoever.
Furthermore, the mortgage deed provided as follows:
And the mortgagor hereby further covenants and agrees to pay promptly when due the principal and interest and other sums of money provided for in said note and this mortgage, or either; to pay all and singular the taxes, assessments, levies, obligations, and encumbrances of every nature on said property; ...
If any sum of money herein referred to be not promptly paid within 30 days next after the same becomes due, or if each and every the agreements, stipulations, conditions, and covenants of said note and this mortgage, or either, are not fully performed, complied with and abided by, then the entire sum mentioned in said note, and this mortgage, or the entire balance unpaid thereon, shall be forthwith or thereafter, at the option of the mortgagee, become and be due and payable, anything in said note or herein to the contrary notwithstanding. ...
(emphasis added).
In this case, appellants admitted their failure to pay real estate taxes on the subject property in accordance with the provisions in the mortgage. Failure to pay real estate taxes in accordance with the terms of the mortgage, standing alone, is a sufficient basis for the trial court to grant foreclosure. See Heimer v. Albion Realty & Mortgage, Inc., 300 So.2d 31 (Fla. 3d DCA 1974); Lunn Woods v. Lowery, 577 So.2d 705 (Fla. 2d DCA 1991).
Appellants contend that they are not in default for failure to make installment payments inasmuch as their obligation to make payments on the note and mortgage is dependent upon Teymoor Siahpoosh being compensated under the management agreement. However, given the express language in the mortgage which provides that the monies owed become due and payable if the “agreements, stipulations, conditions, and covenants of said note and this mortgage, or either, are not fully performed,” we need not address this argument as appellants have failed to pay real estate taxes.
AFFIRMED.
STONE and PARIENTE, JJ., concur.