698 So.2d 902 (1997)
Richard Alan CRANE, Appellant,
v.
BARNETT BANK OF PALM BEACH COUNTY, a Florida Banking Association, et al., Appellees.
No. 96-1547.
District Court of Appeal of Florida, Fourth District.
September 3, 1997.
*903 Gerald R. Pumphrey of Gerald R. Pumphrey, P.A., Palm Beach Gardens, for Appellant.
Scott E. Simowitz and Ira L. Young of Mandel, Simowitz, Weisman, Kirschner & Diaz, P.A., Boca Raton, for Appellee Barnett Bank of Palm Beach County.
MUIR, CELESTE HARDEE, Associate Judge.
In this appeal, we review a final judgment granting rescission of a mortgage agreement between the parties, a borrower (Crane) and his bank (Barnett).[1]
The bank sued for foreclosure when a construction loan matured and the borrower's wife refused to sign a modification of the parties' mortgage agreement prepared by the bank. The bank conceded that the borrower in whose name the subject property was held had not defaulted under the construction loan phase of the agreement and the borrower's payments after August, 1991 had been refused, preventing the borrower from performing under the agreement. It is undisputed that the borrower's bank did not have a written agreement requiring the wife's signature on the mortgage. The bank's allegations of liability against the borrower did not include the wife's refusal to sign a mortgage modification.
At the trial on the bank's complaint to foreclose, the bank offered to "acquiesce" and the borrower chose the remedy of rescission, the relief the borrower sought in addition to a count for specific performance (reinstatement *904 of the mortgage agreement) in the borrower's third amended counterclaim. In his amended final judgment approving the relief to which the bank acquiesced before trial, the trial judge granted rescission; however, as a condition to cancellation of the mortgage of record, the trial judge required the borrower to reimburse the bank for the principal amount borrowed plus the bank's costs of funds.
The first point on appeal is that the trial judge erred in denying the borrower's motion for summary judgment on the grounds that the borrower had offered to make payments as required and had not defaulted under the terms of the mortgage and note. The borrower established that the bank prevented the borrower's performance by refusing the borrower's payments (on advice of counsel) until the borrower's wife signed mortgage modification documents although she was not legally obligated to do so.
At the hearing on the borrower's motion for summary judgment, counsel for the bank argued that the borrower assured the bank prior to closing and later that his wife would sign a mortgage modification at the end of the construction loan period of the agreement (September, 1991).
Because the bank's complaint in this cause did not include allegations that the borrower defaulted by failing to have his wife sign the mortgage modification and because the sole basis for default was the borrower's failure to pay the mortgage after September, 1991, when the bank refused his payments, there was no material issue of fact on the question of liability for foreclosure as raised by the pleadings. The trial court should have granted the borrower's motion for partial summary judgment.[2]
The second point on appeal is whether the trial court's order allowing rescission "ab initio" of the parties' mortgage agreement properly restored each party to status quo. The trial judge granted the following relief:
(1) Cancellation of the mortgage and note "ab initio" conditioned on the borrower returning to the bank $156,000.00 in principal and $19,586.80 in interest as well as per diem interest from March 1, 1996, of $10.91 per day until paid. The rate of interest is from August of 1991, the date of the borrower's last payment, based on "costs of funds" or the average rate that the bank paid for all sources of its money available to lend.
(2) A set-off for the borrower's costs and legal expenses incurred in obtaining the mortgage and note in the amount of $4,299.40 as well as court costs of $5,170.25. (The bank's legal fees for closing the mortgage loan were not claimed.)[3]
The borrower asserts that the repayment of principal due should be without interest; however, for the time value of its money, the bank should receive interest to restore the bank to status quo. See Braman Dodge, Inc. v. Smith, 515 So.2d 1053 (Fla. 3d DCA 1987).
The trial judge correctly assessed interest as a condition of rescission; however, the trial court erred in assessing two different rates of interest as a condition for rescission of the parties' agreement "ab initio." The lower rate of interest is imposed as of the date that the construction phase ended and permanent financing should have "rolled over" automatically; however, the trial court's amended final judgment deemed the parties' agreement null and void ab initio. Because there was only one integrated mortgage agreement of the parties and its nullification is "ab initio," the borrower should not be penalized with a higher rate of interest if it was the bank's own refusal to accept payments that led to rescission, simply because the mortgage agreement provided for two phases of the loan.
The trial judge imposed a "costs of funds" rate of interest after a full evidentiary hearing to establish the bank's average costs of *905 funds. We find no error in this computation and payment required by the borrower as a condition to rescission.
Because the bank acquiesced to rescission, the borrower's choice of remedies, the trial judge set the conditions for rescission without a trial on liability and damages. This court has no record establishing the basis for foreclosure within 45 days if the borrower fails to make rescission as required in the amended final judgment that is the subject of this appeal.
The appellee bank asserts that the failure to make the restoration required for rescission is considered "a ratification" of the instruments, which remain in full force and effect; however, the case cited is unpersuasive as it involves the ratification of unauthorized signatures and the retention of benefits received in the transaction. See Bloom v. G.P.F., S.A., 588 So.2d 607, 610 (Fla. 3d DCA 1991).
The bank further urges this court to affirm the trial court's judgment as to foreclosure as the borrower's prayer for equitable relief is a prayer for general relief and the trial judge has the "fullest liberty" in molding the judgment to the necessity of the action regardless of the relief sought. See Jones v. Roberts, 559 So.2d 429, 430 (Fla. 4th DCA 1990).
Having determined that the trial judge erred in denying the borrower's motion for partial summary judgment on the bank's action for foreclosure, there is no basis for foreclosure under the mortgage agreement of the parties even if the borrower is unable to restore the bank to status quo in 45 days. "[F]oreclosure on an accelerated basis may be denied where ... payment was not made due to ... excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due." Campbell v. Werner, 232 So.2d 252, 256-57 (Fla. 3d DCA 1970); Lunn Woods v. Lowery, 577 So.2d 705 (Fla. 2d DCA 1991).
Acceleration of the balance due and foreclosure of the mortgage agreement of the parties would be improper on the unusual facts of this case. On remand, the trial judge could order foreclosure after further proceedings, but liability for foreclosure under the mortgage agreement of the parties is premature on the record before us.
As to the last point on appeal, the failure to grant the motion to dismiss the complaint for failure to timely serve the borrower's wife, we find no merit to the issue raised and affirm the trial court's denial of the borrower's motion to dismiss.
Having granted rescission, the trial judge approved the borrower's election (on the bank's "acquiescence") that the remedy of rescission be granted; however, nothing in the record demonstrated that the bank has the right to foreclosure because there was never proof of default, simply proof that the bank refused payments and prevented performance of the mortgage agreement of the parties.
If the borrower fails to reimburse the bank for its expenses (principal and "cost of funds" interest), the trial judge may not order foreclosure on the mortgage agreement of the parties as the borrower established on motion for summary judgment that the bank prevented the borrower from performing under the mortgage agreement.
If the conditional rescission is not dispositive, trial could proceed on the remaining count for specific performance or other counts for equitable relief and the mortgage as originally executed by the parties could be reinstated upon timely payment of the arrearages, and only then, after notice, hearing and proof of default under the mortgage agreement of the parties, should the bank have the right to foreclose.
Accordingly, we affirm the amended final judgment on appeal as to the terms of rescission except as to the effective date the rate of interest (costs of funds) charged to the borrower for rescission should run. (The borrower should have credit for all interest paid from January, 1991.) We reverse the denial of the borrower's motion for partial summary judgment on liability, and vacate the provision for foreclosure of the subject mortgage if the borrower fails to satisfy the conditions *906 for rescission within 45 days, and for other proceedings consistent with this opinion.
DELL and STEVENSON, JJ., concur.
NOTES
[1] There was only one mortgage agreement of the parties covering the construction phase of the loan (interest only due) and permanent financing for a single family home.
[2] See Landers v. Milton, 370 So.2d 368 (Fla. 1979). See also Knight Energy Serv., Inc. v. Amoco Oil Co., 660 So.2d 786 (Fla. 4th DCA 1995). This issue is properly preserved for review from the amended final judgment in this case. See Fla. R.App. P. 9.130(a).
[3] The denial of the borrower's motion for attorney's fees for services at the trial level has been reviewed as to entitlement and resolved in favor of the borrower in a separate appeal. See Crane v. Barnett Bank of Palm Beach County, 687 So.2d 1384 (Fla. 4th DCA 1997).