446 So.2d 1120 (1984)
Booker T. RICE and Elizabeth Rice, His Wife, Appellants,
v.
Michael CAMPISI, Frank Gliozzo, and Joseph Campagno, Appellees.
No. 83-1460.
District Court of Appeal of Florida, Third District.
February 28, 1984.
Rehearing Denied April 6, 1984.
Ferdie & Gouz and Ainslee Ferdie, Coral Gables, for appellants.
Frank X. Gliozzo, Coral Gables, for appellees.
Before HENDRY, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The Rices, the plaintiffs in a mortgage foreclosure action, appeal an adverse final judgment. Given the extraordinary circumstances of this case we find that the trial court did not err in denying acceleration and, therefore, affirm. We reverse, however, the trial court's denial of costs and fees.
Campisi, Gliozzo and Campagno, the appellees, made their mortgage payments, which were due on the first day of each month tempered by a fifteen-day grace period, successfully and timely by mail to the same address for twenty consecutive months. On the twenty-first month, however, at the end of the month, the payment check was returned by the postal service to the appellees, the envelope bearing the same address as the twenty previous envelopes but with an indication that it had been delivered to the wrong address. The appellees tried, unsuccessfully, to contact *1121 the Rices by telephone and soon thereafter received notice of the instant foreclosure proceeding. A subsequent mailing of the payment check by certified mail to the same address was successful, but the check was returned by the Rices' lawyer.
Our affirmance of the trial court's refusal to foreclose is not based upon the narrow doctrine of estoppel (sometimes referred to as implied waiver) relied upon in Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1929), and subsequent cases, see, e.g., Koschorek v. Fischer, 145 So.2d 755 (Fla. 2d DCA 1962). This is not a case, for instance, where the mortgagor reasonably inferred from the mortgagee's passive acquiescence to previous late payments that an additional late payment would not result in acceleration, therefore empowering the court, because of the mortgagor's reliance, to estop the mortgagee from foreclosing. The Rices had done nothing in the past to inculcate in the appellees' minds a belief that they could be tardy with impunity. Indeed, there is no indication that the appellees were tardy.
Our affirmance flows from the broader equitable considerations recognized in River Holding Co. v. Nickel, 62 So.2d 702 (Fla. 1952), Lieberbaum v. Surfcomber Hotel Corp., 122 So.2d 28 (Fla. 3d DCA 1960), Overholser v. Theroux, 149 So.2d 582 (Fla. 3d DCA 1963), and La Boutique of Beauty Academy, Inc. v. Meloy, 436 So.2d 396 (Fla. 2d DCA 1983). If the payment in the present case was late, its tardiness was beyond the control and knowledge of the appellees; they should not, therefore, be made to bear the penalty of acceleration. In so holding we do not recede from the sound public policy contained in Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970), we merely distinguish this case upon its extraordinary facts and the equitable principles espoused in the cited cases.
There has been no showing, however, that the Rices' foreclosure action, though unsuccessful by application of equitable principles, was not prosecuted upon a good faith belief that the appellees were responsible for the default. We therefore reverse the denial of contractual costs and fees and remand for an award of costs and fees reasonable in light of the ultimate resolution of this case. See Schechtman v. Grobbel, 226 So.2d 1 (Fla. 2d DCA 1969).
Affirmed in part, reversed in part and remanded.