463 So.2d 1245 (1985)
Marcella M. MAW, Appellant/Cross-Appellee,
v.
Benjamin V. ABINALES and Pacita T. Abinales, Appellees/Cross-Appellants.
No. 84-1390.
District Court of Appeal of Florida, Second District.
February 20, 1985.
*1246 Frederick W. Vollrath, Tampa, for appellant/cross-appellee.
Ronald P. Teevan of Strohauer & Teevan, P.A., Clearwater, for appellees/cross-appellants.
OTT, Acting Chief Judge.
In this appeal and cross-appeal, we are asked to review the lower court's denial of attorney's fees to both parties and the grant of costs to appellees in a mortgage foreclosure action. For the reasons stated below, we affirm the denial of attorney's fees to the appellees; reverse and remand the denial of attorney's fees and costs to the appellant; and reverse the grant of costs to the appellees.
The appellees executed and delivered a mortgage and promissory note to the appellant. The mortgage provided, among other things, that the appellees would keep the buildings on the property in proper repair. The mortgage further provided:
Should any of the above covenants be broken, then said note and all moneys secured hereby shall without demand, if the mortgagee so elects, at once become due and payable and the mortgage be foreclosed, and all costs and expenses of collection of said moneys by foreclosure or otherwise, including solicitor's fees shall be paid by the mortgagor, and the same hereby secured.
Appellant learned that two buildings on the property had been demolished. She thereafter filed a complaint in foreclosure alleging that the appellees had defaulted under the mortgage and note by failing to keep the buildings on the property in proper repair.
Upon being deposed, appellant admitted that she only brought the foreclosure action because she needed money. She continued to receive and cash the monthly mortgage checks after she discovered the demolished buildings and before instituting foreclosure proceedings. She further continued to receive and cash the monthly payment checks after the foreclosure proceedings were brought. She also stated that she never at any time felt any the less secure under the mortgage with the buildings gone. However, since the appellees had violated the contract and because she needed money, she brought this action.
The basic defense raised by the appellees was that the security interest was in no way jeopardized by the removal of the buildings. The value of the property, without the buildings, was conceded to be approximately $129,000. The outstanding balance of the mortgage was approximately $69,000.
Both parties filed motions for summary judgment. After a hearing, the trial court denied appellant's motion, granted appellees' motion, and entered partial summary judgment in favor of the appellees. The trial court found that the equities under all the facts would not support foreclosure. Both parties filed motions to tax costs and for an award of attorney's fees; appellant, because of the note and mortgage provisions, and appellee, on the basis of a frivolous lawsuit under section 57.105, Florida Statutes (1983). The lower court reserved jurisdiction to consider these motions.
In due course, the lower court entered a final judgment denying attorney's fees to both parties; construing the mortgage as at least requiring recovery of a money judgment by the appellant to support an award of fees and costs, and finding that the lawsuit was not completely lacking justiciable issues of law or fact. However, the lower court awarded costs to the appellees because they were the "prevailing parties."
Both parties have appealed the lower court's denial of attorney's fees, and appellant appealed the grant of costs to the appellees. Appellant has not challenged the denial of foreclosure.
We find our prior decision in Schechtman v. Grobbel, 226 So.2d 1 (Fla. 2d DCA *1247 1969), to be controlling. In that case, the mortgage contained a "rider" providing that escrow tax money payments, along with the monthly mortgage payments, be made to the mortgagees. After a time, the mortgagors paid only the monthly mortgage installments to the mortgagees, and paid the escrow tax monies to a special tax account which they opened in a bank. The trial court, in denying the foreclosure, found: the "rider" to be ambiguous; that at no time were the monthly mortgage payments in default; and that the security was never impaired. The trial court also denied attorney's fees to the mortgagees because the foreclosure was denied. Id. at 2-3.
On appeal, we affirmed the denial of foreclosure, but reversed the denial of attorney's fees to the mortgagees. We reasoned that the mortgagors were in technical default because the contract entitled the mortgagees to performance under the "rider." The mortgage contract there further provided for attorney's fees if the mortgagors did not abide by any of the covenants "whether or not there be ... suit pending." Id. at 4-5. Because the mortgage so provided, we held that the mortgagees were entitled to reasonable attorney's fees, upon default by the mortgagors, even though foreclosure was denied. Id. at 5.
Based upon Schechtman, we hold it was error for the trial court to find that the appellees were not in default of the mortgage provision requiring them to maintain the buildings in reasonable repair, when the appellees had demolished the buildings without the knowledge and consent of appellant. Further, we disagree with the trial court that the mortgage only provided for attorney's fees when appellant (the mortgagee) prevailed in a foreclosure action, at least to the extent of securing a judgment for money. We construe the provision to mean that the mortgagee is entitled to attorney's fees when any default occurs that allows the mortgagee to institute a foreclosure action or to collect the monies payable under the note. The fact that the appellees were able to successfully prevent foreclosure against the property under the prevailing equities does not alter the fact that a default occurred. The mortgage provided for attorney's fees and costs in any action to foreclose upon such a default. We hold that appellant was entitled to a reasonable award of attorney's fees.
Absent a contract or statutory provision, costs are ordinarily awarded to the prevailing party in civil litigation. See § 57.041, Fla. Stat. (1983). Here, however, we have a contract provision and the award of costs is governed thereby. Consequently, we hold that the trial court erred in awarding costs to appellees as "the prevailing parties." See also Brady v. Edgar, 415 So.2d 141 (Fla. 5th DCA 1982).
Upon remand, the trial court, in determining a reasonable award of attorney's fees to appellant, may consider the facts did not warrant foreclosure, that she instituted the action without feeling the security interest was in the least impaired, etc. Schechtman, id at 5; Rice v. Campisi, 446 So.2d 1120, 1121 (Fla. 3d DCA 1984). While these facts do not bar appellant's recovery of costs and attorney's fees, the lower court may consider them relevant in determining the amount of such award or the items of costs allowable.
We affirm the lower court's denial of attorney's fees to appellees under section 57.105, Florida Statutes (1983),[1] but reverse the allowance of costs to appellees.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.
NOTES
[1] See Whitten Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982).