CAMPBELL, Judge,
concurring in part and dissenting in part.
I concur completely with affirming the refusal of the court below in refusing to order a foreclosure because the default was technical and the result would be unjust.
*697 I dissent from the majority in its reversal of the denial of attorney’s fees below. I believe where the court below finds that to allow foreclosure as a remedy for a technical default would be “unconscionable,” it follows that to allow attorney’s fees for bringing that “unconscionable” foreclosure action is likewise unconscionable.
While I agree that attorney’s fees are sometimes found appropriate even when foreclosure is denied, that is more properly the case when the mortgagee obtains some affirmative relief from the foreclosure action. See Schechtman v. Grobbel, 226 So.2d 1 (Fla. 2d DCA 1969). But see Rockwood v. DeRosa, 279 So.2d 54 (Fla. 4th DCA 1973). This court in Schechtman, though awarding attorney’s fees to the mortgagee where foreclosure was denied, but other relief obtained, said: “We do not agree under the circumstances of this case attorney’s fees are solely dependent upon the granting of foreclosure or upon foreclosure being proper.” 226 So.2d at 3. That language seems to indicate that where foreclosure is the sole remedy sought and it is denied, attorney’s fees would not be proper. The court in Rice v. Campisi, 446 So.2d 1120 (Fla. 3d DCA 1984), approved an award of attorney’s fees to the mortgagee where foreclosure was denied because there was no showing that the foreclosure “was not prosecuted upon a good faith belief” that the mortgagor was responsible for the default.
In this case, the mortgagor had a $30,000 equity in the property. One check in two years of payments was returned for insufficient funds. The mortgagor was not aware of the problem, having been informed by the bank that the check would clear. The mortgagees (appellants) made no effort to contact appellee over the one check, but sought criminal prosecution and immediately accelerated the balance due on the note and mortgage. Appellants knew before instituting the foreclosure action what had caused the one check to be returned for insufficient funds. All future monthly payments were placed by appellee in an interest-bearing escrow account when appellants refused to accept them.
As pointed out by the majority, any attorney's fees to which appellants would be entitled, grow out of the provisions of the note and mortgage. The mortgage has a covenant that provides for attorney’s fees “reasonably incurred ... because of the failure of the mortgagor to ... comply with the agreements, stipulations, conditions and covenants of said note and mortgage or either....” However, the note provides for attorney’s fees only when it becomes “necessary to collect this note through an attorney.” I differ from my colleagues in the majority opinion and in Maw v. Abinales, 463 So.2d 1245 (Fla. 2d DCA 1985), that the provisions of the note mandate an award of attorney’s fees in this case. It is very clear from the facts in this case that it was not “necessary” to collect the note through the services of an attorney. What, to me, is so significant is that no means other than immediate foreclosure was sought to cure what was clearly an inadvertent failure to miss one payment due on the note.