924 So.2d 925 (2006)
Dennis TRAGE, Appellant,
v.
311 MERIDIAN & 3RD STREET, LLC, 243 Meridian & 3rd Street, LLC, S.B. Meridian, LLC, and Atlantic South Beach Properties, Appellees.
No. 3D05-1890.
District Court of Appeal of Florida, Third District.
March 29, 2006.
Stephen Douglas Fromang, Vero Beach, for appellant.
Kirkpatrick & Lockhart Nicholson Graham, Miami, and William P. McCaughan for 311 Meridian & 3rd Street, LLC, and 243 Meridian & 3rd Street, LLC; Krinzman Huss & Lubetsky and Cary Lubetsky for S.B. Meridian, LLC; Simon, Schindler & Sandberg and Roger J. Schindler, Miami, and Jose Manuel Sanchez for Atlantic South Beach Properties.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.

*926 CORRECTED OPINION
SUAREZ, J.
We withdraw our previously issued opinion and submit the following in its place. Dennis Trage ("Trage") appeals the trial court's orders granting partial summary judgment in favor of 311 Meridian & 3rd Street, LLC ("311 Meridian"), 243 Meridian & 3rd Street, LLC ("243 Meridian"), and S.B. Meridian, LLC ("S.B. Meridian"). We affirm.
Trage contends that the trial court erred by granting partial summary judgment in favor of 311 Meridian, 243 Meridian, and S.B. Meridian, because Trage raised an unresolved issue of material fact. The appellees assert that summary judgment was appropriate because no issue of material fact remains unresolved.
Dennis Trage's mother, Judith Trage ("Judith"), and her son-in-law, Patrick Mullen ("Mullen"), are the sole owners of Atlantic South Beach Properties ("ASBP"). ASBP is registered in Florida as a limited liability company pursuant to chapter 608, Florida Statutes (2003). 311 Meridian and 243 Meridian entered into a series of agreements with ASBP regarding the purchase of a piece of real estate. 311 Meridian then sold the property to S.B. Meridian for $1,150,000. Trage filed a notice of lis pendens on the property, and filed a complaint against 311 Meridian, 243 Meridian, S.B. Meridian, and others, for specific performance and/or damages. He alleges that he is entitled to the real estate because Judith had assigned ASBP's interest in the agreements between ASBP and 311 Meridian and 243 Meridian to him. 311 Meridian and 243 Meridian filed a counterclaim for declaratory judgment asserting, in part, that Judith had no authority to execute the assignment to Trage and that such authority rested solely with Mullen, ASBP's managing member. S.B. Meridian moved for partial summary judgment and for discharge of the notice of lis pendens, asserting that it was a bona fide purchaser for value without notice of Trage's alleged agreements regarding the property. The trial court granted partial summary judgment in favor of 311 Meridian and 243 Meridian after finding no issue of material fact and concluding that Mullen is the managing member. The court granted S.B. Meridian's motion for partial summary judgment on Trage's specific performance count and dissolved Trage's notice of lis pendens.
We affirm the trial court's orders. First, partial summary judgment as to 311 Meridian and 243 Meridian is affirmed because there is no material issue regarding Judith's lack of authority to make the assignment on behalf of ASBP. In Florida limited liability companies, matters concerning the business are determined by the managing member. See § 608.422, Fla. Stat. (2003). Judith executed the assignment at issue as "secretary" and "president" of ASBP without Mullen's knowledge and absent any consideration. Judith later signed an affidavit prepared by ASBP's counsel stating that Mullen is the company's managing member, and that Judith has no authority to assign ASBP's rights. Mullen's affidavit states that he has been the sole managing member since ASBP's inception. Documents filed with the State of Florida show Mullen as the only managing member. Judith later disavowed her sworn affidavit in a deposition, stating only that she signed the affidavit without reading it.
Judith's assertion that her own previous affidavit is untrue and that she signed it without reading it is insufficient to create a factual dispute on the issue of her authority within ASBP. See Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla.1977) (failing to read an affidavit before *927 signing it is no defense); Soler v. Secondary Holdings, Inc., 771 So.2d 62 (Fla. 3d DCA 2000) (where there is no credible explanation for discrepancies between earlier testimony and later testimony, the later testimony is stricken). As Judith was not the managing member, any assignments she purportedly made to Trage are invalid. Therefore, we affirm the partial summary judgment in favor of 311 Meridian and 243 Meridian declaring that Mullen is ASBP's managing member and that the assignments made by Judith to Dennis Trage are invalid.
Based on the foregoing, we also affirm the trial court's order granting partial summary judgment in favor of the bona fide purchaser, S.B. Meridian, on Trage's claim for specific performance, and dissolving Trage's notice of lis pendens.
Affirmed.