# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-1766 & 3D16-322
Lower Tribunal No. 12-4950
_____

**The Zodiac Group, Inc., et al.,**
Appellants/Cross-Appellees,

vs.

**GrayRobinson, P.A.,**
Appellee/Cross-Appellant.

Appeals from the Circuit Court for Miami-Dade County, Gill S. Freeman and Michael A. Hanzman, Judges.

Kula & Associates, P.A., and Elliot B. Kula and W. Aaron Daniel and William D. Mueller, for appellants/cross-appellees.

GrayRobinson, P.A., and Karen L. Stetson and Jonathan L. Gaines, for appellee/cross-appellant.

Before SALTER, EMAS and LUCK, JJ.

SALTER, J.

These consolidated cases involve an appeal by three former clients of a law firm regarding final judgments determining (a) their liability for unpaid attorney's fees and costs,[1] and (b) their liability for additional attorney's fees and costs in the law firm's collection action following the former clients' rejection of proposals for settlement.[2] The law firm has "conditionally cross-appealed" the final judgment regarding the quantum of its former clients' liability. Finding no reversible error in the proceedings below, we affirm the judgments in favor of the law firm. In doing so, we also affirm the jury's reduction of the law firm's claim for attorney's fees in the jury verdict and as reflected in the final judgment, thus rendering moot and dismissing the law firm's conditional cross-appeal.

Two arguments warrant brief discussion: (1) the argument by appellants/former clients The Zodiac Group, Inc. ("Zodiac"), David Felger, and Daniel Felger, that only Zodiac could be held liable for the concededly-unpaid law firm invoices; and (2) the argument by the appellants that the law firm's offers of judgment to the three former clients were unclear, were not made in good faith, and were unenforceable.

<u>Identity of the Clients; Joint and Several Liability</u>

---

[1] Case No. 3D16-322.

[2] Case No. 3D16-1766.

2

In 2010, Zodiac, its President (appellant David Felger), and its Vice-President (appellant Daniel Felger, David Felger's son), were sued in a federal court action in the Southern District of Florida. The eight-count, 96-page, 331-paragraph complaint in the case alleged violations of the Lanham Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conspiracy to violate RICO, the Florida Deceptive and Unfair Trade Practices Act, Florida's statute prohibiting the unauthorized publication of a name or likeness, unjust enrichment, conversion, and civil conspiracy to convert.[3] Only Zodiac, (via Daniel Felger's signature below the corporate name) signed a three-page engagement letter prepared by the GrayRobinson law firm as the law firm commenced its defense of Zodiac and the Felgers. The engagement letter, however, was addressed to Zodiac and each of the Felgers, and referred consistently to "you" rather than to "Zodiac."

Apparently lacking the clairvoyant powers of the plaintiff and Zodiac's network of psychics involved in the federal action, GrayRobinson found itself in 2011 with an unacceptable balance of unpaid invoices and moved to withdraw as counsel due to "irreconcilable differences." In 2012, GrayRobinson commenced its collection action against the three appellants[4] in the Miami-Dade Circuit Court,

[3] The plaintiff, Linda Georgian, alleged (among other things) that she was a celebrity psychic and that Zodiac and the Felgers made false and unauthorized claims that Georgian had endorsed Zodiac's network of call-in psychic readers and services.

3

alleging breach of contract, breach of a verbal agreement, and quantum meruit. The Felgers then filed affidavits denying that they were individually responsible for the legal fees incurred by GrayRobinson and disputing the value of the firm's legal services. They also filed counterclaims against the law firm for "breach of fiduciary duty" and "breach of professional duty," and demanded trial by jury.

After many procedural twists and turns, the trial court entered an amended final judgment against all three defendants, jointly and severally, for the amount of the reasonable attorney's fees and costs determined by the jury in its verdict, $115,422.26 (versus the total of $191,751.53, the unpaid fees and expenses claimed by GrayRobinson in its complaint), plus prejudgment interest. The defendants appealed, and GrayRobinson conditionally cross-appealed.

We affirm the amended final judgment in all respects. The trial court correctly determined that, when the Felgers filed insurance claims for reimbursement of fees incurred in the federal lawsuit, they maintained that they were individually liable for those fees. Here, as in Baker v. Airguide Manufacturing, LLC, 151 So. 3d 38, 40 (Fla. 3d DCA 2014), the Felgers could not rely on their affidavits to repudiate their own admissions of individual liability to their insurer (and receipt of reimbursement for some of their payments to GrayRobinson). See also Trage v. 311 Meridian & 3rd St., LLC, 924 So. 2d 925

---

[4] The complaint named a fourth defendant, Matthew Perez, but the claim against Mr. Perez was not adjudicated in the final judgments. He is not a party on appeal.

(Fla. 3d DCA 2006); Elison v. Goodman, 395 So. 2d 1201, 1202 (Fla. 3d DCA 1981). The jury's verdict regarding the reasonableness of the fees and costs incurred, rendered after hearing evidence from both sides and their experts, will not be disturbed here.

The Proposals for Settlement

In Case No. 3D16-1766, the issue is whether the separate "demands for judgment/proposals for settlement" served by GrayRobinson on the defendants pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2012), were enforceable.

GrayRobinson served four separate proposals for settlement, though only three are pertinent here. The offer to Zodiac was for $140,000.00, and included a release of all the defendants had it been accepted and the settlement amount paid to GrayRobinson. The offer to David Felger was for $40,000.00, and included a release limited to David Felger, had the offer been accepted and the settlement amount paid. The offer to Daniel Felger was for $60,000.00, and included a release limited to Daniel Felger, had the offer been accepted and the settlement amount paid.

Zodiac and the Felgers argue that the offers were unclear and were made in bad faith, citing cases such as State Farm Mutual Auto Insurance Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006). We disagree. The offers are not unclear, each

5

complies with Rule 1.442 and section 768.79, and the appellants made no showing of bad faith. The proposals were separate proposals, not joint proposals, made to each defendant, individually, to evaluate and settle with GrayRobinson "irrespective of the other parties' decisions." Attorneys' Title Ins. Fund, Inc. v. Gorka, 36 So. 3d 646, 650 (Fla. 2010); Saewitz v. Saewitz, 79 So. 3d 831, 833 n. 1 (Fla. 3d DCA 2012). We thus also affirm the final judgments for attorney's fees and costs reviewed in Case No. 3D16-1766.

Final judgments affirmed in the main appeals; GrayRobinson's "conditional cross-appeal" rendered moot and dismissed.