DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER A. COLOMBO,**
Appellant,

v.

**ROBERTSON, ANSCHUTZ & SCHNEID, P.L.,**
Appellee.

No. 4D20-1719

[May 4, 2022]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 50-2017-CA-000532-XXXX-MBAB.

Philip M. Burlington and Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach, James A. Bonfiglio of the Law Offices of James A. Bonfiglio, P.A., Boynton Beach, Louis M. Silber of Silber & Davis, West Palm Beach, and Jack Scarola of Searcy Denney Scarola Barnhart & Shipley, West Palm Beach, for appellant.

Scott G. Hawkins of Jones Foster P.A., West Palm Beach, and Raymond L. Robin and Elizabeth A. Izquierdo of Keller Landsberg P.A., Fort Lauderdale, for appellee.

LEVINE, J.

The trial court awarded a borrower his attorney's fees following dismissal in a prior foreclosure action. The bank brought a new foreclosure action and subsequently the borrower received a reinstatement letter. The borrower sued the bank's law firm for violating the Florida Consumer Collection Practices Act ("FCCPA") because the reinstatement letter required payment of attorney's fees incurred by the bank in the prior foreclosure action in order to reinstate the loan. The trial court granted summary judgment in favor of the law firm. We find the trial court did not err in determining that the law firm had not violated the FCCPA as a matter of law because the plain language of paragraph 19 of the mortgage contract gave the bank the right to seek attorney's fees from the prior foreclosure action as a condition of reinstating the loan. We affirm.

In 2006, Peter Colombo ("borrower") executed a note and mortgage on the subject property. Paragraph 19 of the mortgage provided that if the borrower defaulted and the lender accelerated the loan, the borrower would have a right to reinstate the loan if certain conditions were met. Among the reinstatement conditions, the borrower agreed to "pay[] all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees . . . ."

In 2008, U.S. Bank's predecessor-in-interest brought a foreclosure action against the borrower. The trial court dismissed the case for lack of prosecution and entered an agreed order awarding the borrower $27,500 in prevailing party attorney's fees. In 2017, U.S. Bank filed a new foreclosure action against the borrower concerning the same property. A month later, U.S. Bank sent the borrower a mortgage loan statement identifying the amount due. The borrower disputed certain charges, prompting a series of emails between the borrower and U.S. Bank, through their respective counsels. U.S. Bank's counsel, Robertson, Anschutz & Schneid, P.L. ("law firm"), ultimately suggested a reinstatement quote to assist in resolving the issues, and the borrower agreed. The law firm then sent the borrower a reinstatement letter setting forth the amount due to reinstate the loan. This amount included $3,733 in "[a]ttorney's [f]ees paid to prior counsel in the current action."

After receiving the reinstatement letter, the borrower filed an answer, affirmative defenses, and counterclaim, which he later amended. In the amended pleading, the borrower, individually and as class representative, set forth a claim against the law firm for violation of the FCCPA, section 559.72, Florida Statutes (2017), which prohibits a person from knowingly attempting to collect an illegitimate debt. The borrower argued that the reinstatement letter improperly charged for attorney's fees for "prior counsel in the current action" when there was no prior counsel in the current action. Additionally, inclusion of attorney's fees paid to prior counsel was improper because those fees were incurred in a prior unsuccessful foreclosure action that was involuntarily dismissed by the court.

The law firm filed three motions for summary judgment, arguing that (1) the law firm was entitled to collect attorney's fees and costs incurred in the prior foreclosure action pursuant to *U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust v. Leigh*, 293 So. 3d 515 (Fla. 5th DCA 2019); (2) the law firm was entitled to immunity under the litigation privilege because the FCCPA claim was based on the reinstatement letter the law firm sent during the foreclosure proceedings; and (3) the borrower lacked standing to bring the FCCPA claim.

The trial court granted the first and third motions for summary judgment, finding that *Leigh* was controlling and that the borrower lacked standing. The trial court rejected the borrower's argument that section 57.105(7) was controlling, finding this argument overlooked the language in paragraph 19 of the mortgage. The trial court denied summary judgment based on litigation privilege. The borrower appeals the entry of final summary judgment for the law firm. The law firm conditionally cross-appeals the denial of its second motion for summary judgment based on litigation privilege.[1]

The borrower argues that the trial court erred in entering summary judgment in favor of the law firm because the law firm attempted to collect an illegitimate debt. The borrower contends that the law firm did not have the right to seek attorney's fees incurred by the bank in the previous foreclosure action because the borrower was awarded attorney's fees in that case under section 57.105(7).

"The standard of review for the entry of summary judgment is *de novo*." *Orlando v. FEI Hollywood, Inc.*, 898 So. 2d 167, 168 (Fla. 4th DCA 2005). "Likewise, a trial court's interpretation of the language of a contract or statute is reviewed de novo." *High Definition Mobile MRI, Inc. v. State Farm Mut. Auto. Ins. Co.*, 321 So. 3d 818, 821 (Fla. 4th DCA 2021).

"Where contracts are clear and unambiguous, they should be construed as written . . . from the words of the entire contract." *Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A.*, 771 So. 2d 628, 631 (Fla. 4th DCA 2000). "Courts are required to construe a contract as a whole and give effect, where possible, to every provision of the agreement." *Anarkali Boutique, Inc. v. Ortiz*, 104 So. 3d 1202, 1205 (Fla. 4th DCA 2012) (citation omitted). Finally, "[w]here the language of a contract is clear and unambiguous, the court can give to it no meaning other than that expressed." *Wellington Realty Co. v. ColorAll Techs. Int'l, Inc.*, 951 So. 2d 921, 922 (Fla. 4th DCA 2007).

The FCCPA provides: "In collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat. "A claim under section 559.72(9) has three elements: an illegitimate debt, a threat or attempt to enforce that debt, and knowledge

---

[1] The underlying foreclosure action brought by U.S. Bank remains pending.

that the debt is illegitimate." *Davis v. Sheridan Healthcare, Inc.*, 281 So. 3d 1259, 1264 (Fla. 2d DCA 2019).

Paragraph 19 of the mortgage provides for the following:

> 19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued . . . . Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) *pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument*; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged.

(emphasis added).

In granting summary judgment in favor of the law firm, the trial court found *Leigh* dispositive. We agree. In *Leigh*, the lender filed a foreclosure action in 2010 that was ultimately dismissed.[2] 293 So. 3d at 516. Several months later, the lender sent the borrower a demand letter seeking a "cure amount" that included money for the lender's attorney's fees and expenses from the 2010 foreclosure suit that was dismissed. *Id.* The Fifth District found that the lender was entitled to seek and recover its attorney's fees and litigation expenses from the first foreclosure action. *Id.* The Fifth District explained:

> Paragraph nineteen of the mortgage provides that in order for Appellee to reinstate the mortgage, she would be required to pay the lender all sums then due and all expenses incurred in enforcing the mortgage, including reasonable attorney's fees and specified foreclosure litigation expenses. According to the

---

[2] The circuit court opinion reflects that the borrower prevailed in the prior foreclosure action based upon a statute of limitations theory. *See U.S. Bank Trust, N.A. v. Leigh*, 2017 WL 3797046, at *2 (Fla. Cir. Ct. Aug. 30, 2017).

plain language of the mortgage, Appellant was not required to be the prevailing party in the first foreclosure action in order to seek and recover its attorney's fees and expenses. *See Maw v. Abinales*, 463 So. 2d 1245, 1247 (Fla. 2d DCA 1985) (holding that even if borrower had been successful in preventing foreclosure by lender due to default by borrower, lender was still entitled by mortgage to seek and recover its reasonable attorney's fees because a default had occurred).

*Id.*

*Leigh* is factually analogous. Like in *Leigh*, in the present case the lender filed a foreclosure action that was ultimately dismissed. In both cases, the reason for dismissal could be attributed to the fault of the lender. In *Leigh*, the dismissal was based on the statute of limitations, while in this case the dismissal was due to lack of prosecution. After the dismissal, the lender in both cases commenced a new foreclosure proceeding and sought payment of attorney's fees incurred by the lender in the prior foreclosure action as a condition to reinstate the mortgage. Like in *Leigh*, paragraph 19 of the mortgage requires payment of all sums then due and all expenses incurred in enforcing the mortgage, including reasonable attorney's fees and specified foreclosure litigation expenses. In *Leigh*, the Fifth District found that "[a]ccording to the plain language of the mortgage, [the lender] was not required to be the prevailing party in the first foreclosure action in order to seek and recover its attorney's fees and expenses." *Id.* We find, under the rationale of *Leigh*, that the law firm did not violate the FCCPA because it sought to recover a legitimate expense it was entitled to recover pursuant to a contract, that being the expense of attorney's fees the lender incurred in the prior foreclosure action.

The borrower argues that *Leigh* is not controlling because it did not address the application of section 57.105(7). Section 57.105(7) provides, in relevant part:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

The trial court correctly determined that *Leigh* is dispositive and that section 57.105(7) is not controlling. Nothing in *Leigh* conflicts with section 57.105(7). *Leigh* does not mention section 57.105(7) because it is inapplicable. "[E]ntitlement to fees under section 57.105(7) applies when

the party seeking fees prevails and is a party to the contract containing the fee provision." *Venezia v. JP Morgan Mortg. Acquisition Corp.*, 279 So. 3d 145, 146 (Fla. 4th DCA 2019). The borrower was awarded $27,500 in attorney's fees in the previous foreclosure action as the prevailing party under section 57.105(7). The reinstatement letter did not seek to take away those fees. Rather, the reinstatement letter sought $3,733 in attorney's fees incurred by the lender in the previous foreclosure action, pursuant to paragraph 19 of the mortgage contract, as a prerequisite to reinstating the mortgage. Thus, the reinstatement letter, and the attorney's fees sought by the letter, had nothing to do with section 57.105(7). Seeking attorney's fees pursuant to paragraph 19 of the mortgage does not somehow diminish or undercut the fees previously awarded to the borrower under section 57.105(7). Those fees remain untouched.

Moreover, the borrower was under no obligation to pursue reinstatement under paragraph 19 of the contract; rather, whether the borrower elected the option of reinstatement was completely voluntary. Indeed, the borrower could have sought funding from another lender. Further, if the borrower did not elect reinstatement, there could be no money owed for a past debt under the reinstatement provision of paragraph 19.

The borrower cannot use section 57.105(7) to expand or vary the parties' agreement beyond its precise terms. *See Stratton v. Port St. Lucie MGT, LLC*, 149 So. 3d 100, 102 (Fla. 4th DCA 2014) ("The statute is designed to even the playing field, not expand it beyond the terms of the agreement."). Nor can the borrower attempt to use section 57.105(7) to alter the terms of a contract. For in Florida, "[t]he right to contract is one of the most sacrosanct rights guaranteed by our fundamental law." James W. Ely, Jr., The Contract Clause: A Constitutional History 253 (2016) (quoting *Chiles v. United Faculty of Fla.*, 615 So. 2d 671, 673 (1993)). It is axiomatic that "courts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship or improvident bargain." *Pudlit 2 Joint Venture, LLP v. Westwood Gardens Homeowners Ass'n,* 169 So. 3d 145, 148 (Fla. 4th DCA 2015) (citation omitted).

The borrower also argues that *Leigh* is inconsistent with the supreme court's decisions in *Ham v. Portfolio Recovery Assocs.*, 308 So. 3d 942 (Fla. 2020), and *Page v. Deutsche Bank Trust Co. Americas*, 308 So. 3d 953 (Fla. 2020). Neither of these decisions have any bearing on the instant case. Rather, they simply reinforce the existing law that makes attorney's fees

reciprocal. Neither case involves the situation where, as here, a lender seeks to recover attorney's fees it incurred in a previous foreclosure action in order to reinstate a mortgage pursuant to an agreed provision of a contract.

In sum, we conclude the trial court correctly found that the law firm did not violate the FCCPA and correctly entered final summary judgment in favor of the law firm.[3] Because we affirm the direct appeal, the law firm's conditional cross-appeal is rendered moot and dismissed. *See Zodiac Grp., Inc. v. GrayRobinson, P.A.*, 224 So. 3d 333, 334 (Fla. 3d DCA 2017).

*Affirmed as to the direct appeal; dismissed as to the conditional cross-appeal.*

WARNER and KLINGENSMITH, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] Because we find no violation of the FCCPA, we also affirm the entry of final judgment based on lack of standing. As the trial court stated, because the borrower "no longer has a valid claim against [the law firm], he has no standing to continue this case either individually or as a class representative."